### 7930. WATKINS *v.* THE STATE.

GEORGE, J. 1. Persons who have not the use of reason, as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are incompetent witnesses. Civil Code (1910), § 5862.

2. The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy or insanity, or drunkenness, or childhood. Civil Code (1910), § 5865. The objection to competency, if known, must be taken before the witness is examined at all. Civil Code (1910), § 5866; *Brunswick & Western Railway Co.* v. *Clem*, 80 *Ga.* 534 (3), 538 (7 S. E. 84).

3. Accordingly, a motion to exclude testimony upon the ground that the witness was an idiot was properly overruled, where no objection to the competency of the witness was made before examination (the moving party having knowledge of such ground), and where it appeared that the witness had "sufficient understanding to apprehend the obligations of an oath and to be capable of giving a correct account of the matters she [had] seen and heard in reference to the questions at issue." *Cuesta* v. *Goldsmith*, 1 *Ga. App.* 48 (3), 52 (57 S. E. 983); Pittsburg &c. Ry. Co. *v.* Thompson, 27 C. C. A. 333 (82 Fed. 720).

4. An exception that the court "failed to instruct the jury as to the law relating to idiots and lunatics as witnesses, and gave the jury no rule or instructions for guiding them in weighing and considering the evidence of idiots and lunatics," will not require a reversal, where no such charge was requested, and where the court charged the jury as

follows: "The court can not tell you what any witness swore or what any testimony in the case is. The court can not tell you what weight or what credibility you will give to the testimony that is introduced. You have the right, in passing upon the evidence in the case, to observe the witness's manner on the stand; the witness's interest or want of interest, bias, or prejudice, if any; the witness's intelligence or want of intelligence; the witness's knowledge or want of knowledge, as well as every circumstance that has occurred during the trial and in your presence, you have a right to consider, in passing not only upon the weight and credibility of the testimony of the witness, but upon the case itself."

5. The court did not err in refusing to grant a new trial on the ground of the alleged newly discovered evidence, as it was merely cumulative and impeaching in character; and besides, it appears that the affiant to this evidence was subpœnaed as a witness by the State, sworn, and put under the rule, but not examined, and it further appears that the affiant was a half-brother of the defendant and was present at the time of the homicide, and this fact must have been known to the defendant, who upon his trial admitted the killing but contended that it was done in self-defense. *Bowers* v. *State*, 135 *Ga.* 310 (69 S. E. 536).

6. The evidence warranted the verdict, and the alleged errors of law dealt with above do not require a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED FEBRUARY 1, 1917.

Indictment for murder—conviction of manslaughter; from Dawson superior court—Judge J. B. Jones. November 11, 1916.

*B. P. Gaillard Jr., W. M. Johnson,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.