19162. WILSON *v.* THE STATE.

MOBLEY, Justice. Alton Wilson, Jr., was convicted of murder without a recommendation to mercy. His motion for new trial on the general grounds was later amended by adding 8 special grounds. To the denial of this motion he excepts. *Held:*

1. In special ground 1 it is asserted that the solicitor-general, in his argument to the jury, stated as follows: "This mad-dog killer should pay with his life for his awful crime. This fiend's life should be snuffed out. Gentlemen, do not send him to Reidsville so that the parole board can put him back here to murder again—to murder your sons or brothers. For the protection of your families you must return a verdict of guilty without any recommendation." Upon objection and motion for a mistrial by the defendant's counsel, the trial judge stated to the jury: "You are not concerned with what the pardon and parole board might do, that is beyond the realm of any possibility, and you are trying this case on the evidence you have heard, you are not trying it on anything any

of the counsel for the State or the defendant might say." Thereafter the court denied the defendant's motion for a mistrial, on which ruling error is assigned. The act approved February 15, 1955 (Ga. L. 1955, p. 191) declares that it shall be mandatory upon the court to declare a mistrial, if counsel for either side in a criminal case "shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury, because pardon, parole, or clemency" may be granted by the Governor, or the State Board of Pardons and Paroles. Under the above statute, the ruling of the trial court denying the defendant's motion for a mistrial was erroneous.

(a) Counsel for the State seek to invoke a ruling upon the constitutionality of the act of 1955, supra. The record shows that this act was neither considered nor ruled upon at the trial of this case. "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Yarbrough* v. *Ga. R. & Bkg. Co.,* 176 *Ga.* 780 (168 S. E. 873).

2. Special ground 2 excepts to the denial of a motion for a continuance. Since a new trial is granted because of the ruling complained of in the 1st special ground, it becomes unnecessary to pass upon the question of whether the trial court erred in denying the motion for a continuance.

3. Special grounds 4 and 5 assign error respectively on the denial of (1) the defendant's motion to quash the indictment, and (2) his challenge to the array of the trial jurors. Rulings on motions to quash an indictment, and on challenges to the array of the trial jurors, cannot be attacked by grounds of a motion for new trial, and as no exception to such alleged errors is made directly in the bill of exceptions, the above grounds cannot be considered by this court. *Long* v. *State,* 118 *Ga.* 319 (1) (45 S. E. 416); *Hargroves* v. *State,* 179 *Ga.* 722 (1) (177 S. E. 561); *Porch* v. *State,* 207 *Ga.* 645 (63 S. E. 2d 902); *Wheeler* v. *State,* 4 *Ga. App.* 325 (6) (61 S. E. 409).

4. Special ground 8 excepts to the admission of testimony of a witness for the State. The testimony was objected to by defendant's counsel in the following manner: "I have to object to this testimony, I don't see its materiality at all to this case, as to what happened later on." Such an objection cannot be the basis of a valid assignment of error in this court. Unless an objection to evidence is specific enough and definite enough as to the grounds upon which the evidence should have been excluded, this court is powerless to rule one way or the other. Counsel's statement in this case, "I don't see its materiality at all," could scarcely be termed a legal objection to the evidence; but even if the statement were construed to be an objection on the ground that the evidence was "immaterial," such an objection would be entirely too general for consideration by this court. *Greyhound Corp.* v. *Clough,* 211 *Ga.* 574 (87 S. E. 2d 387), and cases cited.

5. Special grounds 3, 6, and 7, and the general grounds of the motion for new trial, not being argued or insisted upon in this court, will be treated as abandoned.

*Judgment reversed. All the Justices concur.*

Submitted November 14, 1955—Decided January 10, 1956.

*Henry T. Brice, Sam S. Smith,* for plaintiff in error.

*J. B. Edwards, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.