S91A0056. JACKSON & COKER, INC. v. HART et al.
S91X0057. HART v. JACKSON & COKER, INC. et al.
S91X0058. LINDSEY v. JACKSON & COKER, INC. et al.
(405 SE2d 253)

FLETCHER, Justice.

Appellees Hart and Lindsey are former employees of appellant Jackson & Coker, Inc., a physician placement service. Appellees entered into employment contracts with Jackson & Coker containing post-employment covenants not to compete. Subsequently appellees left the employment of Jackson & Coker and began working for a competitor. They filed this action for declaratory judgment seeking a determination that the covenants not to compete in their employment contracts are unenforceable and that OCGA § 13-8-2.1 (the Act) is unconstitutional insofar as it relates to restrictive covenants ancillary to employment contracts. Jackson & Coker counterclaimed to enjoin appellees from violating the covenants not to compete. Following a hearing, the trial court declared the Act unconstitutional finding that it violates 1983 Georgia Constitution, Art. III, Sec. VI, Par. V (c) which prohibits the legislature from authorizing contracts in general restraint of trade. Having reached this conclusion the trial court found it unnecessary to determine whether retrospective application of the Act would be unconstitutional. In Case No. S91A0056, Jackson & Coker appeal the trial court's determination that the Act is in general restraint of trade and therefore unconstitutional. In Case Nos. S91X0057 and S91X0058, cross-appellants Lindsey and Hart argue that if the Act is found not to be in general restraint of trade, this court should hold that retrospective application of the Act to them would be unconstitutional.

1. Case No. S91A0056.

The question in this case is whether or not the Act is contrary to Art. III, Sec. VI, Par. V (c) of the Constitution of Georgia of 1983, which is as follows:

> The General Assembly shall not have the power to authorize any contract or agreement which may have the effect of or which is intended to have the effect of defeating or lessening competition, or encouraging a monopoly, which are hereby declared to be unlawful and void.

We hold that the Act is beyond the power of the General Assembly inasmuch as it is one that authorizes contracts and agreements which may have the effect of or which are intended to have the effect of defeating or lessening competition or encouraging monopoly.

Our basis for this conclusion is found in the express provisions of OCGA § 13-8-2.1 (g) (1), which read as follows:

> Every court of competent jurisdiction shall enforce through any appropriate remedy every contract in partial restraint of trade that is not against the policy of the law or otherwise unlawful. In the absence of extreme hardship on the part of the person or entity bound by such restraint, injunctive relief shall be presumed to be an appropriate remedy for the enforcement of the contracts described in subsections (b) through (d) of this Code section. If any portion of such restraint is against the policy of the law in any respect but such restraint, considered as a whole, is not so clearly unreasonable and overreaching in its terms as to be unconscionable, the court shall enforce so much of such restraint as it determines by a preponderance of the evidence to be necessary to protect the interests of the parties that benefit from such restraint. Such a restraint shall be subject to partial enforcement, whether or not it contains a severability or similar clause and regardless of whether the unlawful aspects of such restraint are facially severable from those found lawful.

Quite plainly, this Act is an effort by the General Assembly which would breathe life into contracts otherwise plainly void as being impermissible under the cited constitutional provision. Further, under the express terms of subparagraph (g), a court seemingly would be directed by the General Assembly to enforce contracts in which the restraint is "against the policy of the law," provided it is not so much against that "policy of the law" as to be "unconscionable."

Because the General Assembly is expressly prohibited by our Constitution from authorizing any contract that is violative of the

constitutional provision, this purported Act of authorization is "unlawful and void."

2. The case is remanded to the trial court for a determination of whether the restrictive covenants in question are enforceable under the law as it existed prior to the enactment of OCGA § 13-8-2.1.

3. Case Nos. S91X0057 and S91X0058.

Because of our decision in Case No. S91A0056, we find it unnecessary to reach the issues raised in these cross-appeals.

*Judgment affirmed in part and remanded in part in Case No. S91A0056. Appeals dismissed in Case Nos. S91X0057 and S91X0058. All the Justices concur, except Clarke, C. J., who dissents.*

CLARKE, Chief Justice, dissenting.

As I understand Georgia's constitutional prohibition against restraints of trade, it merely prohibits the legislature from enacting statutes which unreasonably restrain trade. While the statute in question here may be questionable from a policy point of view, I cannot say that it is unreasonable. For this reason, I respectfully dissent.

DECIDED JUNE 27, 1991.

*Trotter, Smith & Jacobs, John L. Latham, Scott K. Tippett, Sylvia King Kochler,* for Jackson and Coker.

*John E. Sacker, Robert S. Devins, Donald J. Ellis, Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Brazier & Schwieger, Robert C. Brazier,* for Hart and Lindsey.

*Schulten & Associates, William Scott Schulten, Mark S. Izenson, E. Michael Ingram,* amici curiae.