S93A0675. PITTMAN et al. v. HARBIN CLINIC PROFESSIONAL ASSOCIATION.
S93X0678. HARBIN CLINIC PROFESSIONAL ASSOCIATION v. PITTMAN.
S93A0677. HARBIN CLINIC PROFESSIONAL ASSOCIATION v. HERRING.
S93X0679. HERRING et al. v. HARBIN CLINIC PROFESSIONAL ASSOCIATION.
(428 SE2d 328)

PER CURIAM.
These appeals and cross-appeals have been filed concerning restrictive covenants in employment contracts between physicians and the Harbin Clinic Professional Association. The trial court upheld the restrictive covenants in the contracts of two Harbin Clinic partners and invalidated the restrictive covenants in the employment contracts of the doctors who were not partners. All parties invoke the appellate jurisdiction of this court based on the trial court's grant and denial of injunctions. Because any equitable relief is ancillary to the underlying issue of the construction of the contracts, we transfer these cases to the Court of Appeals.

In *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991), we explained that whether an action is an equity case for the purpose of invoking appellate jurisdiction in this court depends on the issue raised on appeal.

> Cases in which the grant or denial of [equitable] relief was merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues of law were resolved, are not "equity cases."

Id. at 609. The primary question to be answered in each of these cases is whether the trial court properly construed the contracts. Although the parties sought equitable relief, both the orders enjoining the partners from violating their contracts and the orders denying the injunc-

tive relief were secondary to the principal issue of the construction of the contracts — an issue of law. See id. at 610. Accordingly, these cases are transferred to the Court of Appeals.[1]

*Transferred to Court of Appeals. All the Justices concur.*

DECIDED APRIL 16, 1993.

*Cook & Palmour, Bobby Lee Cook, Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for Pittman and Herring.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. J. Webb,* for Harbin Clinic Professional Association.

---

[1] Likewise, fact issues as to the existence of or breach of such a contract would ordinarily lie within the jurisdiction of the Court of Appeals.