## A93A2067. KLEIN v. WILLIAMS.
(441 SE2d 270)

SMITH, Judge.

Roy Williams filed a complaint against Ted Klein seeking an injunction prohibiting Klein from breaching an agreement not to compete. The agreement allegedly was made in conjunction with the sale to Williams of Klein's liquor store in Nelson, Georgia.[1] Following a special jury verdict, the trial court entered an order permanently enjoining Klein from entering into the business of selling liquor and participating in such business in any manner in Nelson so long as Williams owned and operated the store he purchased from Klein. Klein's motion for a new trial was denied.

Klein filed this appeal in the Supreme Court, which transferred it to this court pursuant to *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993), noting that the appeal did not raise a constitutional attack on a statute within the meaning of Art. VI, Sec. VI, Par. II of the 1983 Georgia Constitution and the injunction issued did not give the Supreme Court jurisdiction. The primary question to be answered in this appeal concerns the existence of the alleged covenant not to compete and, if it exists, its interpretation.

There is no dispute that on the day the sale occurred Klein agreed to sell the store for $175,000. Williams gave Klein a personal check for $25,000 as down payment. Klein took his money out of the cash register, gave Williams change for a few hundred dollars along with the keys to the store, and walked out, leaving Williams to run the store. Williams and Klein had negotiated over a period of time regarding the purchase and sale of the store and had reached an agreement twice previously, but both times Klein backed out.

The evidence presented at trial showed that Klein's store was the only liquor store in Pickens County and the surrounding area. There

---

[1] Although the complaint sought damages as well, Klein never actually competed, having been temporarily and then permanently restrained from doing so, and no damages have been incurred by Williams.

is no dispute that the purchase price for the store included its inventory and the land. According to Williams, the terms of the sale also included Klein's promise that he would not go back into the liquor business in Nelson for as long as Williams owned that store. Klein testified to the contrary. Although another witness who had been interested in purchasing the store testified that Klein had promised that if that witness purchased the store, he would not compete, Klein testified that the subject of noncompetition "never did come up" when he sold the store to Williams. A deed dated October 16, 1986, executed by the parties and recorded in the deed records of Pickens County, is the only document evidencing the transaction, and it contains no reference to a covenant not to compete. It is undisputed that at the time the complaint was filed Klein had erected a building in Nelson in which he intended to operate a package store in competition with the store purchased by Williams.

The jury was asked to decide specifically whether Klein did or did not make an oral agreement, as a part of the contract to sell his business, that he would not enter into a business for the sale of liquor as long as Williams owned and operated the store purchased from Klein. They returned a verdict finding that he did so. Based on that verdict, the trial court granted the injunction.

1. In three enumerations of error, Klein contends the trial court erred in finding that OCGA § 13-8-2.1, pertaining to noncompetition covenants, is not applicable here. In *Jackson & Coker, Inc. v. Hart*, 261 Ga. 371 (405 SE2d 253) (1991), the Supreme Court held that statute unconstitutional. Therefore, we need not address Klein's contentions that the statute is applicable here or that it should be applied retroactively.

Relying on OCGA § 13-8-2.1, Klein also contends that the alleged covenant prohibiting competition was void because it was not in writing. Of course, we must apply the law without considering the provisions of that statute, since it has been held unconstitutional. Although post-termination employee noncompetition covenants must be in writing, *Pope v. Kem Mfg. Corp.*, 249 Ga. 868 (1) (295 SE2d 290) (1982), the same rule does not appear to apply to covenants restricting competition in connection with the sale of a business. See, e.g., *Mason v. Rabun Waste*, 174 Ga. App. 462, 464 (330 SE2d 400) (1985).

2. Although the jury did not specifically include a territorial restriction in the covenant it found to exist, we cannot agree with Klein's contention that the trial court improperly rewrote the contract found by the jury by making the City of Nelson the area restricted. "[W]here a covenant not to compete made by a seller in conjunction with the sale of a business designates an area greater than that reasonably necessary to protect the buyer, the court will enjoin the seller from competing in only so much of that area as it finds from

the clear and convincing evidence is essential to protect the buyer." *Jenkins v. Jenkins Irrigation*, 244 Ga. 95, 100-101 (3) (259 SE2d 47) (1979). It is obvious from the record, and the parties agree, that the restricted territory is only the City of Nelson. The clear and convincing evidence showed that restricting Klein from competing in this area was the least burdensome restriction necessary to protect Williams's purchase.

Klein also contends the language in the trial court's order reformed the contract found by the jury by expanding the description of the activity prohibited and preventing Klein's involvement in businesses other than liquor stores. The jury found that Klein had made an oral agreement "that he would not enter into a business for the sale of liquor. . . ." The trial court's order prohibited Klein from "entering into the business of selling liquor or whiskey, and from participation *in such business* in any manner. . . ." (Emphasis supplied.) Klein is perhaps technically correct that businesses for the sale of liquor could also encompass bars and restaurants, for example, as well as liquor stores. Nevertheless, in the interpretation of contracts, construction of the contract found by the jury is for the court, and the cardinal rule is to ascertain the intention of the parties. OCGA §§ 13-2-1; 13-2-3. In this case, the record shows clearly that the restriction was intended to apply only to operation of a liquor store.

3. Klein maintains the trial court erred in enforcing the contract found by the jury because its terms were too vague and overbroad to be enforceable.

"A different standard is applied in determining the validity of covenants contained in employment contracts and those which are a part of a contract to sell a business." *Watson v. Waffle House,* 253 Ga. 671 (2) (324 SE2d 175) (1985). " 'A covenant entered into as part of a sale of a business can generally be drafted more broadly than one which is entered into as part of an employment contract.' [Cit.]" *Drumheller v. Drumheller Bag &c.,* 204 Ga. App. 623, 626 (1) (420 SE2d 331) (1992). The reasonableness of such a covenant must be analyzed in terms of time, territory, and description of the prohibited activity, not as an arbitrary rule, but as a helpful tool in examining the reasonableness of the covenant in light of the particular factual setting to which the test is applied. *Watson,* supra at 673. To determine the reasonableness of the restrictions, therefore, we must view them against the factual background involved. "Where the sale of a business is involved, the purchaser's interest in what he has acquired cannot be effectively realized unless the seller agrees not to act so as to diminish the value of what has been sold. [Cit.] It follows that the reasonableness of any covenant not to compete ancillary to the sale of a business must be measured on the basis of whether the restricted activity protects the purchaser's legitimate business interests, i.e., the

value of the business and its good will. [Cits.]" *Drumheller,* supra at 627-628 (3).

The activity prohibited, ownership or operation of a liquor store, and the area protected, the City of Nelson, are not overbroad. As to the time restriction, the covenant prohibits Klein from competing in Nelson for as long as Williams owns and operates the store he purchased from Klein. In certain factual settings such a lengthy restriction might be considered overbroad. See, e.g., *Howard Schultz &c. v. Broniec,* 239 Ga. 181, 188 (236 SE2d 265) (1977) (nondisclosure covenant in employment contract unenforceable because purported to be effective in perpetuity). Considering, however, that this covenant was made in conjunction with the sale of a business rather than an employment contract, that Nelson is a small community, that the store in issue is the only liquor store in Pickens and neighboring counties, and that Klein was and is currently the mayor of Nelson, this time restriction is not overbroad, particularly since the covenant does not prohibit Klein from opening a liquor store anywhere outside the city limits of Nelson.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 11, 1994.

*Weaver & Weaver, George W. Weaver, Brenda S. Weaver, Margaret S. Sanders,* for appellant.
*Bray & Johnson, H. Michael Bray,* for appellee.