A94A0972. DICK et al. v. WILLIAMS et al.

(452 SE2d 172)

POPE, Chief Judge.

Plaintiffs/appellees brought a complaint in equity against defendants/appellants seeking to set aside the grant of a rezoning application brought by defendants David H. Dick and David B. Allman and to enjoin its implementation. The trial court granted plaintiffs' request for equitable relief, and this appeal, which was originally filed by defendants in the Supreme Court,[1] followed.

The following facts, as found by the trial court, are pertinent to the issues raised on appeal: In December 1990, defendants Dick and Allman submitted an application to rezone a piece of property located at the northeast intersection of Paces Ferry Road and Overlook Parkway in Cobb County, seeking a change from O & I (Office & Industrial) to OHR (Office High Rise). The application came before the Cobb County Planning Commission ("the Commission") and the Cobb County Board of Commissioners ("the Board") on February 19, 1991, at which time the Commission recommended rejection of the application. The Board voted to hold the application until the March 21, 1991 zoning hearing. On that date, the Board voted 4 to 1 to reject the application without prejudice because of a technical problem. Approximately one month later, the Board reconsidered the application and voted 4 to 1 to allow Dick and Allman to submit a corrected and amended application.

On July 18, 1991, the Board voted 2 to 2 on a motion to reject the application. Because of this "no action" vote, the application was held until the August 20, 1991 zoning hearing. On September 17, the Board voted 3 to 2 to reject the application.

In October, defendants Dick and Allman brought suit against Cobb County. In November 1992, defendant Cobb County, by a consensus of the Board meeting in Executive Session, voted to allow a

---

[1] By order dated January 24, 1994, the Supreme Court transferred the case to this court, on the basis that "the equitable relief granted by the trial court was a matter of routine once the underlying issues of law were resolved, . . . *Pittman v. Harbin Clinic,* 263 Ga. 66 (428 SE2d 328) (1993)." Although we agree with plaintiffs' assessment that the Supreme Court, not this court, has jurisdiction of this appeal, see 1983 Ga. Const., Art. VI, Sec. VI, Par. III (2), we are constrained by principles of fairness and justice to consider the merits of this appeal. However, we note that jurisdiction of the appellate courts of this state is set forth in our state constitution and neither this court nor the Supreme Court can broaden or limit jurisdiction on its own initiative; nor can the Supreme Court confer jurisdiction on this court where such jurisdiction would not otherwise be proper.

reconsideration of the rezoning application. On December 15, 1992, a public hearing was held. At that meeting, Commissioner Burton made a motion to hold the application. Defendant/Commissioner William Cooper ("Commissioner Cooper") made a substitute motion to approve the application. The Board voted 3 to 2 to approve the application. Dick and Allman subsequently dismissed their suit against Cobb County.

The record further shows that attorney Jean E. Johnson, Jr. represented defendants Dick and Allman in connection with their rezoning application before the Board. At that time Johnson was a professional employee of the law firm of Jean E. Johnson, Jr., P. C. Attorney Lance A. Cooper, who is the son of Commissioner Cooper, was also a professional employee of Jean E. Johnson, Jr., P. C. and was paid a salary by the firm. Although Johnson and Cooper both testified that Cooper did not participate in the legal work involving zoning matters and Cobb County, Lance Cooper testified that during 1991 he did attend one meeting with defendant Allman during which the rezoning application was discussed. Lance Cooper testified that he attended the meeting as part of his on-going education as an associate attorney to learn how to deal with clients, but also conceded that an attorney-client relationship was created by his attendance at the meeting.

On January 1, 1992, Lance Cooper and Jean Johnson formed the partnership of Johnson & Cooper. However, both Lance Cooper and Jean Johnson testified that after formation of the partnership, zoning matters involving Cobb County were still handled by Jean E. Johnson, Jr., P. C., and not by the partnership of Johnson & Cooper, and that, furthermore, Lance Cooper received no portion of the legal fees generated by these matters. A separate checking account was maintained by Jean E. Johnson, Jr., P. C. for any fees generated by the Cobb County zoning work. However, the record further shows that two pieces of correspondence relating to the rezoning application of Allman and Dick were sent out on Johnson & Cooper stationery.

On January 13, 1993, plaintiffs filed their complaint in equity alleging, inter alia, that under the Ethics Code of Cobb County ("Ethics Code") Commissioner Cooper should not have participated in the proceedings involving the rezoning application filed by defendants Dick and Allman because of his familial relationship with Lance Cooper and Lance Cooper's professional relationship with Jean Johnson.

Hearings were held before the trial court which thereafter entered an extensive order wherein it: 1) declared the action previously taken by the Board on the rezoning application to be null and void, and remanded the application to the Board for reconsideration; 2) enjoined and restrained Commissioner Cooper from participating in any

rezoning applications relating to the subject property; 3) enjoined and restrained defendants Dick and Allman from utilizing the benefits of the rezoning previously granted.

1. In their first enumeration of error, defendants contend the trial court erred in holding that the existence of a conflict of interest should be determined under the Ethics Code of Cobb County, rather than state law. We find no merit to this contention. Rather, we believe that state law provides a floor and not a ceiling for the boundaries of ethical conduct by government officials. Local county and municipal governments are free to impose higher standards, and individuals who seek and retain office in local jurisdictions are bound by the standards of the government they serve.

As is pertinent to this appeal, the Ethics Code provides: "Public interest requires that Cobb County protect against improper influence *or the appearance of improper influence* by establishing appropriate ethical standards with respect to the conduct of public officials." Section 3-20-32. Section 3-20-37 (a) provides in pertinent part, "It shall be a violation of this code of ethics for any officer to participate directly or indirectly through decision, approval, disapproval, recommendation or in any other manner upon the following: (1) Any proceeding, application, vote, request for ruling, claim, controversy, contract or any other matter involving an immediate relative or any interest of an immediate relative of the officer."

Clearly, an appearance of impropriety was created by Commissioner Cooper acting on an application where the applicants were represented by his son's law partner. Indeed, defendants state in their brief "If [plaintiff's evidence] showed anything, [it] showed only the appearance of impropriety."

Defendants argue, however, that Commissioner Cooper had no conflict of interest in considering the zoning application at issue, because his son derived no pecuniary benefit from and thus had no interest in the legal work performed by Jean E. Johnson, Jr., P. C. Implicit in this argument is the recognition that if measures to insulate Lance Cooper from this matter had not been taken, Lance Cooper would have an interest necessitating his father's abstention from any zoning matters. The real issue presented by this case is thus whether lawyers can structure their law practice in such a way to achieve the result attempted here. We think this question must be answered in the negative. "If the lawyer is required to decline employment, no partner or associate of his firm may accept such employment, because a lawyer may legitimately disclose and discuss the affairs of a client with his partners or associates of his firm, unless the client otherwise directs, and a lawyer is required to avoid even the appearance of impropriety." (Citations omitted.) *Summerlin v. Johnson*, 176 Ga. App. 336 (1) (335 SE2d 879) (1985). Furthermore, DR 2-102 (B) (3) of the

Code of Professional Responsibility provides that "a law firm shall not simultaneously practice law under more than one name." Lawyers practicing in the same firm should not be allowed to create multiple legal entities and parcel their clients among them in order to circumvent an otherwise existing conflict, and it necessarily follows that they should not be able to do so in order to allow some lawyers in the firm to have an "interest" in a particular matter while others do not.

In so holding, however, we would emphasize, as did the trial court, that there is no question of the integrity or motives of the defendants in this case. Indeed, Commissioner Cooper sought the advice of the county attorney on his participation in this matter on two occasions. However, we nevertheless agree with the trial court that the rezoning application in this case should be remanded and reheard by the Board, and that Commissioner Cooper should not participate in these proceedings.

2. We find no merit to defendants' contention that the trial court erred in failing to grant their motion for directed verdict urged on the basis that plaintiffs should have first exhausted their administrative remedies under the Ethics Code before seeking equitable relief. " ' "A remedy at law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." ' [Cit.]" *Clear-Vu Cable v. Town of Trion*, 244 Ga. 790, 793 (2) (262 SE2d 73) (1979).

It is clear to us that filing an administrative action pursuant to the Ethics Code would not have provided an adequate remedy in this case. Instead plaintiffs properly invoked the equitable powers of the superior court to invalidate the grant of the rezoning application, and injunctive relief was necessary to prevent defendants from going forward with their plans for use of the land consistent with the grant of the application. Consequently, this enumeration of error is without merit.

3. We also find without merit defendants' contention that plaintiffs lack standing to bring this action. See *Dunaway v. City of Marietta*, 251 Ga. 727, 729 (2) (308 SE2d 823) (1983).

4. Based on the foregoing, the superior court did not err in issuing the injunctive relief requested by plaintiffs. "The discretion of the trial court in granting or denying interlocutory injunctive relief will not be interfered with in the absence of a showing of manifest abuse." *Mark Smith Constr. Co. v. Fulton County*, 248 Ga. 694, 695 (2) (285 SE2d 692) (1982). Defendants' fourth enumeration of error is thus without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Decided December 1, 1994 —
Reconsideration denied December 14, 1994 — 

*Ronald A. Lowry, Dupree, Johnson & Poole, Hylton B. Dupree, Jr.,* for appellants.
*Cauthorn & Phillips, Thomas E. Cauthorn III, R. Randy Edwards, James W. Friedwald,* for appellees.