S99A1495. WARREN et al. v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.
(527 SE2d 563)

HINES, Justice.

Plaintiffs Warren and Davis appeal from the trial court's determination that they do not have standing to enforce a trust. Jurisdiction of this appeal is not in this Court, and therefore it is transferred to the Court of Appeals.

Warren and Davis sued the Board of Regents of the University System of Georgia, the University of Georgia Foundation, and Profes-

---

sor Russell Barefield,[1] seeking an accounting and an injunction in connection with a charitable trust. The trust endows the Herbert E. Miller Chair in Financial Accounting. The foundation has primary responsibility for the management of the trust funds.

Smith was selected as the first professor to occupy the Miller Chair. The plaintiffs contend that in selecting Smith, the foundation violated the selection criteria set forth in the trust agreement, as well as a number of policies and procedures of the Board and the University, and that the foundation improperly disbursed funds from the trust to Smith. The trial court dismissed the complaint, finding that the plaintiffs lack standing to seek enforcement of the trust, relying on OCGA § 53-12-115, which states that the Attorney General or the district attorney of the appropriate jurisdiction is afforded exclusive standing to seek enforcement of the terms of a charitable trust. The trial court also rejected the plaintiffs' claims that the statute should be ignored in this instance. The plaintiffs now attempt to appeal this order to this Court.[2]

It is this Court's duty to raise and address issues of appellate jurisdiction when necessary. The plaintiffs contend that jurisdiction is in this Court by virtue of its jurisdiction over "equity cases." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). As this Court has noted, its equity jurisdiction is a matter of some confusion. *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 746-747 (1) (524 SE2d 464) (1999). However, the bedrock principles of this Court's equity jurisdiction are set forth in *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991), and *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993). See *Redfearn*, supra at 747-748 (2). If there is no substantive issue regarding the propriety of the equitable relief granted or rejected, then the appeal does not lie in this Court. *Beauchamp*, supra at 609 (2). It is the primary issue raised on appeal that determines appellate jurisdiction. *Pittman*, supra.

Here, the trial court has ruled that OCGA § 53-12-115 controls, and that under that statute the plaintiffs do not have standing. This decision involves only an interpretation of the statute and a ruling that there is no available exception to it under Georgia law. The trial court did not reach the equitable questions of whether an accounting should be had or an injunction issued, but determined only that the plaintiffs are legally unable to seek that relief. This Court is not called upon to review any equitable decision of the court below, nor is any equity issue presented on appeal.

---

[1] Professor Barefield is the Director of the University of Georgia's J.M. Tull School of Accounting.

[2] A counterclaim remains pending and the trial court directed that the order dismissing the plaintiffs' claims be made final pursuant to OCGA § 9-11-54 (b).

The parties urge that cases involving the administration of trusts are always considered equitable. See OCGA § 53-12-4. However, as this Court's precedent makes clear, it is not the relief requested, or any classification or treatment of the case in the court below, but the issue presented on appeal that controls. *Redfearn*, supra; *Pittman*, supra; *Beauchamp*, supra. See, e.g., *Dick v. Williams*, 215 Ga. App. 629 (452 SE2d 172) (1994). The cases cited by the parties in support of the proposition that cases involving the administration of trusts are always considered to be equity cases, regardless of the appellate issues, were decided prior to the clarification of our jurisdiction in *Pittman* and *Beauchamp*. See, e.g., *Corp. of Mercer Univ. v. Smith*, 258 Ga. 509 (371 SE2d 858) (1988); *Miller v. Alderhold*, 228 Ga. 65 (184 SE2d 172) (1971). The later cited case of *Julian v. Brooks*, 269 Ga. 167 (495 SE2d 569) (1998), concerned the cancellation of deeds and was not before this Court pursuant to our equity jurisdiction. The principles of *Pittman* and *Beauchamp* control; this Court's equity jurisdiction is invoked when the primary issue raised on appeal is equitable. This is not such a case.

We reject the argument that the denial of standing to assert the requested equitable remedy is itself a decision of equity that creates an equitable issue on appeal. In denying standing, the trial court did not engage in any analysis that could be termed an evaluation of equitable considerations. It merely applied the statute and found no exception in Georgia law for the plaintiffs as holders of a "special interest" or otherwise. It also noted that even if the plaintiffs could assert any claim to be beneficiaries under the trust, the statute still provided that standing to enforce the trust would be in the Attorney General or the district attorney. Finally, the court found that any interest the plaintiffs have in ensuring the trust's proper administration is precisely the same interest the public has in the handling of the trust, and that interest is protected by those public officers who are granted standing under OCGA § 53-12-115. These are all legal or factual determinations, not matters of equity.

Further, accepting the argument that a ruling on standing in an equity case is tantamount to an equitable ruling would result in the de facto overruling of the clear guidelines set forth in *Pittman* and *Beauchamp*, and recently reiterated in *Redfearn*, supra. By simply including a plea for equity that a party has no standing to assert, a party would create an "issue" of equitable standing. Thus, this Court would review cases in which equity is not an issue below or on appeal, and in which no equitable ruling would ever be made. Moreover, accepting such an argument would have this Court reviewing as "equity cases" appeals which this Court has quite clearly determined to be outside its jurisdiction. For instance, when an injunction is sought on a covenant not to compete and the appeal concerns

whether the covenant exists, that appeal is before the Court of Appeals. See *Klein v. Williams*, 212 Ga. App. 39 (441 SE2d 270) (1994). The existence of a covenant is "a legal issue that usually precedes the issue of injunctive relief and in fact, makes the issue of injunctive relief routine." *Electronic Data Systems Corp. v. Heinemann*, 268 Ga. 755, 756 (1) (493 SE2d 132) (1997). See also *Powell v. Norman Elec. Galaxy*, 229 Ga. App. 99 (493 SE2d 205) (1997) (whether billboard lease was valid was preliminary question to injunctive relief). For a matter to come within this Court's equity jurisdiction, the lower court must have rendered a judgment based upon equitable principles, and that decision must be the primary issue on appeal. The determination of standing in this case does not meet that test.

Nor can a decision on standing be considered as coming within this Court's equity jurisdiction based on the existence of a question on appeal as to the "viability" of a claim for equitable relief. See *Geriner v. Branigar Organization*, 268 Ga. 389 (489 SE2d 305) (1997); *Eickhoff v. Eickhoff*, 263 Ga. 498 (435 SE2d 914) (1993). Any such basis for jurisdiction in this Court has been rejected. *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000), overruling *Geriner* and *Eickhoff*.

At this juncture, only standing is at issue in this case. The decision that the plaintiffs do not have standing to assert their claims is a legal decision, not an equitable one. Accordingly, the appeal is properly before the Court of Appeals.

*Transferred to the Court of Appeals. Fletcher, P. J., Sears, Hunstein, Carley, Thompson, JJ., and Judge F. Marion Cummings concur. Benham, C. J., not participating.*

DECIDED MARCH 6, 2000.

*J. Hue Henry, Christopher L. Casey,* for appellants.

*King & Spalding, Floyd C. Newton III, Letitia A. McDonald, Michael R. Smith, Casey, Gilson & Williams, George P. Shingler, Karen R. Dunbar, Powell, Goldstein, Frazer & Murphy, James C. Rawls, Mayer & Beal, Randolph A. Mayer, Savell & Williams, Carrie L. Christie, Thurbert E. Baker, Attorney General, Daniel M. Formby, John B. Ballard, Jr., Deputy Attorneys General, Oscar B. Fears III, Assistant Attorney General,* for appellees.