## S00A0461. AGAN v. STATE OF GEORGIA et al.
(533 SE2d 60)

BENHAM, Chief Justice.

The issue before us is whether, after a government agency has initiated proceedings to revoke the license of a regulated business for

---

[10] *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 477 (498 SE2d 266) (1998); *Welch v. Welch*, 265 Ga. 89, 91 (453 SE2d 445) (1995).

allegedly having an impermissible relationship with an individual in violation of a statute, the individual has standing to bring an independent declaratory judgment action questioning the constitutionality of the statute. In the case at bar, the trial court dismissed the individual's petition for declaratory judgment on the ground that the individual was not the proper party to challenge the statute and that any argument concerning the statute's constitutionality should be raised in the administrative action against the regulated business. We disagree and reverse the judgment entered by the trial court.

Appellant Ramsay Agan founded a mortgage lending company, Adana Mortgage Bankers, Inc. He transferred all the shares in the corporation to his wife in 1982, the same year he pleaded guilty to knowingly making false statements for the purpose of influencing the action of an FDIC-insured bank. 18 USC § 1014. In 1988, appellant was convicted of bribery for transferring funds denominated as campaign contributions to two DeKalb County commissioners in an attempt to gain their votes in favor of a zoning variance for his property in DeKalb County. See *State v. Agan*, 259 Ga. 541 (384 SE2d 863) (1989).

Five years after Agan's bribery conviction, the General Assembly passed OCGA § 7-1-1004 (e) which prohibited the Georgia Department of Banking and Finance from issuing a license if the applicant or any director, officer, partner, agent, employee or ultimate equitable owner of 10 percent or more of the applicant had been convicted of a felony of moral turpitude. Effective July 1, 1998, OCGA § 7-1-1004 (e) was amended to authorize the banking department to revoke a license if it found that the applicant or any director, officer, partner, agent, employee or 10 percent equitable owner thereof had been convicted of a felony involving moral turpitude. In December 1998, the department issued a notice of intent to revoke the annual license of Adana Mortgage Bankers; prior to Adana's requested administrative hearing, the department issued another notice of intent to revoke on the ground that appellant was a convicted felon and was serving as an employee or agent of Adana, in violation of OCGA § 7-1-1004 (e).

Before an administrative hearing was held on either notice of intent to revoke, appellant filed a petition for declaratory and injunctive relief, asserting that the enforcement of OCGA § 7-1-1004 (e) against Adana or any mortgage broker or lender for which appellant is a director, officer, partner, agent, or employee or equitable owner of 10 percent or more prevented appellant from working in the mortgage lending or brokering business and was a violation of the ex post facto clauses of the state and federal constitutions because the statute inflicted upon him a greater punishment for his crimes than the law did at the time he was convicted. In his petition, appellant admit-

ted he maintains an office at Adana Mortgage and serves as an advisor to his wife, expressly did not admit that he is an employee or agent of Adana Mortgage, and stated his desire to become a director, officer, partner, agent, employee, or ultimate equitable owner of 10 percent or more of Adana Mortgage. At a hearing on appellant's motion for preliminary injunction, the trial court granted the department's motion to dismiss the petition for declaratory relief on the ground that appellant was not a proper party to challenge the constitutionality of § 7-1-1004 (e). This appeal followed.

1. "[T]he only prerequisite to attacking the constitutionality of a statute 'is a showing that it is hurtful to the attacker. (Cit.)' [Cit.]" *Bo Fancy Productions v. Rabun County Bd. of Commrs.*, 267 Ga. 341 (2) (a) (478 SE2d 373) (1996). A party has standing to challenge the constitutionality of a statute if the statute adversely impacts that party's rights. *Ambles v. State*, 259 Ga. 406 (1) (383 SE2d 555) (1989).[1] In the case at bar, appellant is a convicted felon whose relationship with a regulated lending institution can serve as the basis for the institution's loss of license, making it impossible for him to work or operate in the industry. Appellant further argues that he wishes to gain an equitable ownership of 10 percent or more in a lending institution, a goal that is hindered by OCGA § 7-1-1004 (e), which authorizes the revocation of a lending institution's license if a convicted felon is an equitable owner of 10 percent or more. We conclude that appellant has established that the statute is sufficiently hurtful to him to give him standing to raise a constitutional challenge to the statute.

2. We must also examine whether appellant may bring a declaratory judgment action.

> The Declaratory Judgment Act provides a means by which a superior court "simply declares the rights of the parties or expresses [its] opinion . . . on a question of law, without ordering anything to be done. . . ." [Cit.] The purpose of the Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." [Cit.] The superior court is authorized to enter a declaratory judgment upon petition therefor in cases of actual controversy (OCGA § 9-4-2 (a)), and "to determine and settle by declaration any justiciable controversy of a

---

[1] The statute in question need not affect a constitutionally-protected right in order to give the statute's attacker standing to question the statute's constitutionality. See, e.g., *Ambles v. State*, supra, 259 Ga. at 408, where we held that a statute's adverse impact on the State's ability to present evidence of child molestation gave the State standing to challenge the constitutionality of the statute.

civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations." [Cit.]

*Baker v. City of Marietta*, 271 Ga. 210 (1) (518 SE2d 879) (1999). Inasmuch as there exist " 'circumstances showing (a) necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest" (id. at 214), there exists a justiciable controversy resolvable by a declaratory judgment.

3. Lastly, we must determine if appellant may bring the declaratory judgment while an administrative action is pending against the lending institution with which he is alleged to have an impermissible relationship under OCGA § 7-1-1004 (e). Where a constitutional challenge can be raised in an administrative proceeding, we have not permitted a party to the administrative proceedings to disrupt the administrative proceedings by seeking a declaratory judgment on constitutional grounds while the party is engaged in administrative proceedings which would be affected by the ruling on the petition for declaratory judgment. See *Wallace v. State Bar of Ga.*, 268 Ga. 166 (2) (486 SE2d 165) (1997); *State Health Planning Agency v. Coastal Empire Rehabilitation Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992). However, appellant was not a party to the administrative proceedings initiated by the Georgia Department of Banking and Finance against Adana Mortgage Bankers. Consequently, he is not barred from bringing an action for declaratory judgment, and the trial court erred in ruling otherwise.

*Judgment reversed. All the Justices concur, except Sears and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

I respectfully dissent, as I believe this case must be transferred to the Court of Appeals.

It is this Court's duty to raise and resolve questions of its jurisdiction whenever there is any doubt concerning whether such jurisdiction exists. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Agan asserts that this Court rather than the Court of Appeals has jurisdiction because he seeks equitable relief. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). However, the relief sought does not control which appellate court has jurisdiction; appellate equity jurisdic-

tion is determined by the primary issue raised on appeal, and if there is no substantive issue regarding the propriety of equitable relief granted or rejected, the appeal does not lie in this Court. *Warren v. Board of Regents*, 272 Ga. 142 (527 SE2d 563) (2000). Here, the trial court denied a preliminary injunction, but that decision was clearly ancillary to the court's determination that Agan did not have standing to challenge the constitutionality of OCGA § 7-1-1004 (e), and the denial of the injunction therefore does not serve as a basis for this Court's equity jurisdiction. See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 748 (2) (524 SE2d 464) (1999); *Pittman v. Harbin Clinic Prof. Assn.*, 263 Ga. 66 (428 SE2d 328) (1993). As the grant or denial of equitable relief is not presented as a matter for appellate review, this appeal is not within this Court's equity jurisdiction.

Nor is this case within this Court's jurisdiction over "cases in which the constitutionality of a law . . . has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). "[T]his Court does not have exclusive appellate jurisdiction over a case where the constitutional issue asserted on appeal has not been raised in and ruled upon by the trial court. *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988)." *Atlanta Indep. School Sys. v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996). While Agan has asserted that OCGA § 7-1-1004 (e) is unconstitutional, the trial court did not reach that issue and there is no ruling on the matter for this Court to review. "[W]e will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point [cit.]. . . ." *Santana v. Ga. Power Co.*, 269 Ga. 127, 129 (6) (498 SE2d 521) (1998). See also *Wilson v. State*, 212 Ga. 157, 158 (1) (a) (91 SE2d 16) (1955). For a party to include in pleadings a challenge to the constitutionality of a statute which that party has no standing to challenge does not create an "issue" of the constitutionality of the statute, and a ruling that the party lacks standing serves as no basis for review under this Court's jurisdiction over cases in which the constitutionality of a statute has been called into question. See *Warren*, supra at 144. See also *In the Interest of I. B.*, 219 Ga. App. 268 (464 SE2d 865) (1995) (Appeal was properly transferred to the Court of Appeals when the trial court had determined that the plaintiff did not have standing to challenge a statute because its application to him had become moot.).

As this case does not present any basis for appellate jurisdiction in this Court, it must be transferred to the Court of Appeals.

I am authorized to state that Justice Sears joins in this dissent.

DECIDED JULY 5, 2000.

*Meadows, Ichter & Trigg, Michael J. Bowers, T. Joshua R. Archer*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, John B. Ballard, Jr., Deputy Attorneys General, Oscar B. Fears III, William W. Banks, Jr., Assistant Attorneys General*, for appellees.