# Court of Appeals
# of the State of Georgia

ATLANTA,   August 30, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1228. HOLTON v. PHYSICIAN ONCOLOGY SERVICES, LP.**

Michael Holton filed this direct appeal from the trial court's grant of an interlocutory injunction that purports to enforce non-competition and non-disclosure clauses of an employment agreement between Holton and his former employer, the appellee. He contends that the trial court abused its discretion in granting the injunction because it is not supported by either the facts or the law.

It is axiomatic that, before reaching the merits of an appeal, Georgia's appellate courts have the duty to question their jurisdiction over a case if there is any doubt about its existence. See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 746 (1) (524 SE2d 464) (1999). As explained below, this Court believes that this appeal is an equity case over which the Supreme Court of Georgia has original appellate jurisdiction.

> Georgia Const. 1983, Art. VI, Sec. VI, Par. III (2) provides that the Supreme Court shall have appellate jurisdiction in "all equity cases." Whether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the *issue* raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint. That is, "equity cases" are those in which a substantive issue on appeal involves the *legality or propriety of equitable relief* sought in the superior court -- whether that relief was granted or denied.

(Emphasis in original and supplied in part.) *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991).

The record shows that Holton was the appellee's Vice President of Operations and Chief Operating Officer until October 2011, when he was terminated. Holton then accepted employment as the Chief Operating Officer (CEO) of a competing business. The appellee filed a complaint against him, seeking injunctive relief and damages. The complaint asserted that it would be "impossible" for Holton to serve in any executive capacity for the competing business without misappropriating, disclosing, or misusing the appellee's trade secrets and confidential information, in violation of the Georgia Trade Secrets Act of 1990 and the employment agreement. Thus, according to the complaint, Holton's future disclosure and misuse of the information was "inevitable."

In granting the injunction, the trial court concluded, inter alia, that there was a substantial likelihood that the appellee would prevail on the merits of its inevitable disclosure claim. Therefore, it enjoined Holton from working in any executive capacity with the competing business for 12 months following his termination and prohibited him from disclosing confidential or personal information for 24 months. More importantly, the injunction required Holton to keep the appellee's trade secrets "confidential in perpetuity or until such time as the information becomes public through no fault or action of Mr. Holton."

On appeal, Holton contends that the trial court abused its discretion in enjoining him from working for the competing company based upon its finding that the appellee would likely prevail on its claim that he would "inevitably disclose" its confidential information and trade secrets, arguing that Georgia does not recognize "inevitable disclosure" claims. Moreover, the court's finding that there was a substantial likelihood that Holton would inevitably disclose the appellee's trade secrets if he worked for the competitor, when considered with the injunction's express prohibition on the disclosure of those trade secrets "in perpetuity," will necessarily require the determination of whether the injunction effectively prohibits Holton from *ever* working as an executive for *any* competing business.

We conclude, therefore, that this appeal fundamentally challenges the legality and propriety of the equitable relief granted by the trial court. Consequently, it appears that jurisdiction is in the Supreme Court. See, e.g., *Coleman v. Retina Consultants*,

286 Ga. 317 (687 SE2d 457) (2009) (The Supreme Court concluded that the trial court erred in issuing an injunction that enforced a non-compete clause in an employment contract because the clause was unlimited as to duration and territory and, thus, invalid as a matter of law.); *Essex Group v. Southwire Co.*, 269 Ga. 553 (501 SE2d 501) (1998) (The Supreme Court concluded that the trial court did not abuse its discretion in issuing an injunction that prohibited an employee who had extensive knowledge of his former employer's logistic systems, which were trade secrets, from working in the logistics department of a competing business for five years.).[1]

Accordingly, this appeal is TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  08/30/2012
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ , *Clerk.*

---

[1] Cf. *Pittman v. Harbin Clinic Prof. Assn.*, 263 Ga. 66 (428 SE2d 328) (1993) (The Supreme Court transferred to the Court of Appeals four companion cases in which the primary question to be answered was whether the trial court had properly construed the restrictive covenants in employment contracts, concluding that the issue of whether the trial court properly granted or denied equitable relief was merely ancillary to the underlying issues of law.).