## 31581. HUBER v. STATE BAR OF GEORGIA.

JORDAN, Justice.

Carl E. Huber appeals the imposition of a permanent injunction enjoining him from engaging in the practice of law until such time as he is licensed to practice law in the State of Georgia.

The trial court found that the appellant was engaged in the practice of law. This finding is not challenged. Furthermore, the record discloses that appellant admits that he is not an active member of the State Bar of Georgia.

His appeal is based upon an allegation that Ga. L. 1933, p. 224 (Code Ann. § 9-101) requiring an examination is null and void because the legislature in enacting the law, did not comply with the command of Art. III, Sec. VII, Par. VII of the Constitution of 1877. It is not necessary for us to reach this question.

We reiterate what we have said before. The authority to govern the practice of law in this state resides inherently in this court. *Sams v. Olah,* 225 Ga. 497 (169 SE2d 790) (1969); *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718) (1969). See also *Huber v. State,* 234 Ga. 357 (216 SE2d 73) (1975). Rule 2-101 of the Rules and Regulations for Organization and Government of State Bar of Georgia, as amended by order of the Supreme Court dated December 17, 1974, states in part: "No person may be admitted to the Bar or licensed as an attorney to practice law in this State without an examination." Rule 1-203, of said rules, provides: "No person shall practice law in this State unless he is an active member of the State Bar of Georgia in good standing. . ."

The appellant having admitted in his answer that he is not a member of the State Bar of Georgia, the injunction against appellant was properly entered.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED OCTOBER 26, 1976.

*Paul S. Weiner,* for appellant.

*A. Paul Cadenhead, Omer W. Franklin, Jr., State Bar of Georgia, Arthur K. Bolton, Attorney General, Harold D. Corlew, Deputy Assistant Attorney General,* for appellee.