S94O0090. SCANLON v. STATE BAR OF GEORGIA.
(443 SE2d 830)

BENHAM, Presiding Justice.

In April 1992, Barry F. Scanlon filed a memorandum of com-

plaint with the Office of General Counsel of the State Bar of Georgia, alleging that a member of the State Bar of Georgia had engaged in illegal and unethical conduct in 1986-87 while representing Scanlon's wife during the Scanlons' divorce proceedings. Pursuant to the authority granted under Rule 4-202 (c) of the Rules and Regulations of the State Bar of Georgia, the Office of General Counsel dismissed the grievance after concluding that it did not fall within the disciplinary jurisdiction of the State Bar. Following further correspondence from Mr. Scanlon, the Office of General Counsel reiterated its decision to dismiss his grievance, citing the four-year temporal requirement of Rule 4-222 and the General Counsel's determination that Scanlon's assertions were "patently unfounded, unjustified and failed to state facts sufficient to invoke the disciplinary jurisdiction of the State Bar of Georgia. . . ." Ten months later, Scanlon, acting pro se, filed in this court a motion to compel enforcement of the State Bar disciplinary standards and proceedings.

1. "Matters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of the Supreme Court of Georgia. [Cits.]" *Carpenter v. State*, 250 Ga. 177 (297 SE2d 16) (1982). Pursuant to its inherent power to supervise regulation of the practice of law in Georgia, this court created and established the State Bar of Georgia. *Wallace v. Wallace*, 225 Ga. 102, 109 (166 SE2d 718) (1969). In an exercise of the concomitant power to make rules for the government of the administrative arm so created (*Sams v. Olah*, 225 Ga. 497 (4) (169 SE2d 790) (1969)), this court has designated itself as the only court with jurisdiction of the State Disciplinary Board and any person connected in any way with disciplinary proceedings with respect thereto. State Bar Rule 4-225.[1] See also 1983 Ga. Const., Art. VI, Sec. I, Par. IV.[2]

2. The State Bar is authorized to maintain and enforce standards of conduct to be observed by members of the State Bar and those authorized to practice law in Georgia. State Bar Rule 4-101. Through enactment of State Bar Rule 4-202, this court has empowered the Office of the General Counsel of the State Bar to receive and screen grievances filed against members of the State Bar, and to investigate and collect evidence and information concerning the grievances. In light of the prosecutorial nature of this stage of the disciplinary pro-

---

[1] Rule 4-225 is as follows:
The State Disciplinary Board and any person who is connected with disciplinary proceedings in any way shall not be subject to the jurisdiction of any court other than the Supreme Court with respect thereto, except as provided in Rules 4-214, 4-215 and 4-216 [providing for jury trial of disciplinary proceeding in superior court].

[2] "Each court may exercise such powers as necessary in aid of its jurisdiction or to protect or effectuate its judgments . . . ."

cess, the Office of General Counsel's exercise of its discretion to dismiss a grievance for the grounds listed in Rule 4-202 (c) is analogous to the discretion exercised by a prosecutor in our criminal justice system in deciding which defendants to prosecute and which cases to dismiss prior to indictment. See *State v. Hanson*, 249 Ga. 739, 743-744 (295 SE2d 297) (1982); *Lee v. State*, 177 Ga. App. 698 (1) (340 SE2d 658) (1986). A citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another and, hence, lacks standing to contest the prosecuting authority's policies when the citizen is neither prosecuted nor threatened with prosecution. *R. S. v. R. D.*, 410 U. S. 614, 619 (93 SC 1146, 35 LE2d 536) (1973). Inasmuch as Scanlon lacks standing to seek to have the State Bar institute disciplinary action in a case where the Office of General Counsel has decided not to proceed, his motion is dismissed.

*Motion dismissed. All the Justices concur.*

DECIDED JUNE 6, 1994.

Barry F. Scanlon, *pro se.*
*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.