S97A0683. WALLACE v. STATE BAR OF GEORGIA.
(486 SE2d 165)

BENHAM, Chief Justice.

Howard P. Wallace, an attorney, appeals the trial court's dismissal of his action against the State Bar of Georgia in which Wallace sought to enjoin the State Bar from further efforts to discipline him. The disciplinary process which Wallace sought to stop was initiated against him by a grievance filed on October 3, 1995, by opposing counsel in a divorce proceeding. On October 18, 1995, the Investigative Panel of the State Bar filed a separate grievance based on the same facts as set forth in the initial grievance. Appellant made a timely sworn response to the grievances. In May 1996, appellant was informed by counsel for the State Bar that the Investigative Panel had found probable cause to file a formal complaint against appellant, and had directed the Office of General Counsel to do so. When four months elapsed and appellant had not been served with a formal complaint, he filed the instant action, seeking to enjoin the State Bar from proceeding against him.

The State Bar filed a motion to dismiss appellant's complaint and, in support of its motion, submitted the affidavit of the Clerk of the State Disciplinary Board. Attached to the clerk's affidavit were excerpts from the minutes of the monthly meetings of the Investigative Panel from July through November 1996. The excerpts reflect

that Bar Counsel was given five thirty-day and one ninety-day extension to file the formal complaint against appellant.[1] In response to the motion to dismiss, appellant contended that he had been denied due process by the Investigative Panel having made a determination of probable cause "without formal presentation and receipt of proper evidence[,]" and by the State Bar's failure to file formal charges within 30 days of the finding of probable cause. The trial court granted the State Bar's motion to dismiss on the grounds that the trial court lacked jurisdiction to provide the relief sought since this Court had exclusive jurisdiction over the State Bar Disciplinary Board and all persons connected with disciplinary proceedings. The trial court also noted that appellant had an adequate remedy at law since he could raise defenses at several stages of the disciplinary process.

1. The regulation of the practice of law is a judicial function, and the Georgia Constitution vests the judicial power of the State in the courts. 1983 Ga. Const., Art. VI, Sec. I, Par. I. The Supreme Court of Georgia is endowed with the inherent and exclusive authority to govern the practice of law in Georgia. *Eckles v. Atlanta Technology Group*, 267 Ga. 801 (485 SE2d 22) (1997); *Scanlon v. State Bar*, 264 Ga. 251 (443 SE2d 830) (1994); *Huber v. State Bar*, 237 Ga. 825 (229 SE2d 647) (1976). See also *Sexton v. City of Jonesboro*, 267 Ga. 571 (481 SE2d 818) (1997).

Appellant is correct in stating that the State Bar of Georgia is a legal entity capable of suing and being sued. Rule 1-102, Rules and Regulations of the State Bar of Georgia. However, no court save the Supreme Court of Georgia has jurisdiction of a cause of action whereby a party seeks to challenge the action or inaction of the State Bar or any person in connection with a disciplinary proceeding. Rule 4-225 of the Rules and Regulations of the State Bar of Georgia. See *Scanlon v. State Bar*, supra, 264 Ga. at 252; *Cohran v. State Bar*, 790 FSupp. 1568, 1574 (N.D. Ga. 1992). The trial court did not err when it dismissed appellant's complaint for lack of jurisdiction.

2. Appellant suggests that the trial court should have entertained his allegations that the State Bar's procedures are violative of his constitutionally-guaranteed right to due process of law. We view appellant's argument as analogous to that raised by a party seeking from the judicial branch a declaratory judgment on constitutional

---

[1] Rule 4-204.4 of the Rules and Regulations of the State Bar of Georgia requires the Investigative Panel, upon finding probable cause of an attorney's violation of a standard, to file a formal complaint with the Clerk of the Supreme Court of Georgia "within thirty (30) days of the finding of probable cause, unless the Investigative Panel . . . grants an extension of time for the filing of the documents." The Rules contain no limitation upon the number of extensions that may be granted.

grounds while the party is engaged in administrative proceedings which would be affected by the ruling on the petition for declaratory judgment. Where the constitutional challenge could be raised on appeal from the administrative decision, we have refused to permit the courts to disrupt the administrative procedures by issuing judicial decrees. *State Health Planning Agency v. Coastal Empire Rehabilitation Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992); *Ledford v. Dept. of Transp.*, 253 Ga. 717 (324 SE2d 470) (1985); *George v. Dept. of Nat. Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983). With that precedent in mind, we conclude that lawyer disciplinary proceedings, which culminate in judicial review by this Court, also should not be disrupted by judicial decrees on issues which can be raised before this Court upon its review of the disciplinary proceeding. Consequently, we conclude that the trial court did not err when it refused to rule on appellant's constitutional challenges to the disciplinary procedure.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., Sears and Carley, JJ., who concur in Division 1 and in the judgment only.*

DECIDED JUNE 30, 1997.

*Stephen B. Wallace II, Albert B. Wallace,* for appellant.
*Nall, Miller, Owens, Hocutt & Howard, Paul J. Pontrelli, Robert L. Goldstucker,* for appellee.