S02A1430. HAY v. BRIGHT.<br>(575 SE2d 505)

SEARS, Presiding Justice.
Appellant Samuel Hay III, a private citizen, filed a petition for mandamus relief that would compel appellee Fredric Bright, the District Attorney of the Ocmulgee Judicial Circuit, to prosecute Tommy

---

[10] *Chapman v. State*, 273 Ga. 865, 868 (548 SE2d 278) (2001).
[11] Id.
[12] *Thomas v. State*, 268 Ga. 135, 141 (485 SE2d 783) (2000).

Craig for alleged perjury committed during a bond validation hearing. The superior court denied appellant's mandamus petition, and he appeals.

This Court has repeatedly held that:

> A citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another and, hence, lacks standing to contest the prosecuting authority's policies when the citizen is neither prosecuted nor threatened with prosecution.[*]

It follows that appellant lacked standing to seek mandamus relief that would compel appellee to prosecute Craig. Therefore, the trial court properly denied appellant's petition.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 7, 2003.

Samuel M. Hay III, *pro se.*

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Christopher S. Brasher, J. Jayson Phillips, Assistant Attorneys General*, for appellee.

---

[*] *Bartlett v. Caldwell,* 265 Ga. 52 (452 SE2d 744) (1995), quoting *Scanlon v. State Bar of Ga.,* 264 Ga. 251, 253 (443 SE2d 830) (1994).