Timothy WOODARD, Appellant,

v.

**KENTUCKY BAR ASSOCIATION,**
Appellee.

No. 2004–SC–0821–TG.

Supreme Court of Kentucky.

Nov. 18, 2004.

———

Timothy Woodard, pro se, Green River Correctional Complex, Central City, for Appellant.

Jay R. Garrett, Kentucky Bar Association, Frankfort, Counsel for Appellee.

*OPINION AND ORDER*

This matter comes before the Court on a motion to transfer by the Court of Appeals.

Woodard, a pro se inmate, filed a complaint against three members of the Kentucky Bar Association. That complaint was considered by bar counsel not to state an ethical violation and its recommendation was forwarded to the Chair of the Inquiry Commission, who in turn declined, without investigation, to entertain it. Upon the direction of the Inquiry Commission, the bar counsel returned the complaint to Woodard explaining that if he disagreed with the decision of the Inquiry Commission, he could resubmit his information on a new complaint form. He was advised that he must supply additional information indicating that the attorney engaged in unethical conduct.

Instead of supplying additional information, Woodard chose to file an "appeal" to the Franklin Circuit Court pursuant to KRS 13B.140–160. The circuit court dismissed the appeal. Neither the KBA nor the Inquiry Commission is an administrative agency of the Commonwealth as contemplated by KRS 13B.140–160. Thereafter, Woodard filed a notice of appeal in the Court of Appeals which, in turn, recommended transfer to this Court. Woodard complains of several attorneys. He states that two assistant Commonwealth attorneys engaged in a conspiracy to encourage a police detective to provide false information at his indictment. Additionally, he complains that his defense attorney violated SCR 3.130(1.1) by not objecting at some points in the trial as well as saying to the trial judge that "he wasn't sure about" a certain area of law that arose in the criminal case.

Section 116 of the Kentucky Constitution gives exclusive authority to the Supreme Court to discipline members of the legal profession pursuant to an appropriate rule. *See also Ratterman v. Stapleton,* Ky., 371 S.W.2d 939 (1963). The Inquiry Commission has the responsibility to consider charges against members of the legal profession who have violated the rules of professional conduct. That Commission also has the authority to dismiss complaints. Bar counsel has the responsibility for investigating and prosecuting all disciplinary matters. SCR 3.155.

In this case, the Inquiry Commission, on the recommendation of bar counsel, declined, without investigation, to consider the complaint as filed.

A bar complaint by an individual is the means by which the attention of the Inquiry Commission is brought to a possible violation of the rules of professional conduct and not a method of individual relief or remedy for a specific complaint. A disciplinary matter is one involving the investigative process between the KBA and the lawyer, not an adversarial proceeding. *In re Stump,* Ky., 272 Ky. 593, 114 S.W.2d 1094 (1938). Here, the Commission declined to authorize an investigation and dismissed the complaint. There is no rule permitting an appeal of that decision. Consequently, Woodard has no standing to appeal to this Court.

We are persuaded by the decisions of similar matters in other jurisdictions which have dismissed similar complaints because of a lack of standing in the absence of a specific rule allowing an appeal. *See Scanlon v. State Bar of Georgia,* 264 Ga. 251, 443 S.E.2d 830 (1994), *accord Binns v. Bd. of Bar Overseers,* 343 N.E.2d 868 (Mass.1976).

Here, Woodard sought redress of his alleged grievances in the wrong forum. He can still proceed in the proper forum if he so chooses.

It is the decision of this Court to accept transfer, but decline review.

All concur.

Entered: November 18, 2004.

/s/ Joseph E. Lambert
Chief Justice