S07Y1664. IN THE MATTER OF MICHAEL B. BUTLER.
(657 SE2d 245)

PER CURIAM.

This disciplinary matter is before the Court on the Report of the Review Panel recommending that Respondent Michael B. Butler be disbarred. Although Butler acknowledged service of the formal complaint in this matter, he did not file a timely answer. Consequently, the special master, Ms. Katie Wood, after denying Butler's motion for dismissal of the grievance, granted the State Bar's motion for findings of fact and conclusions of law by default. Accordingly, the facts alleged and violations charged in the formal complaint were deemed admitted pursuant to Bar Rule 4-212 (a). The special master, however, did conduct a hearing to determine whether there were any mitigating or aggravating factors, and allowed Butler to offer testimony to establish whatever information might be relevant in light of the default. Subsequently, she issued her report recommending that Butler be disbarred based on her finding that he violated Rules 1.15 (I) (a), 1.15 (II) (b), 8.1, and 8.4 (a) (4) of Bar Rule 4-102 (d) of the

Georgia Rules of Professional Conduct. The maximum penalty for a violation of any of these Rules is disbarment.

In this matter, the special master found that on or about June 9, 2004, a client hired Butler to represent her in divorce proceedings and paid him $3,500 as a retainer fee. She also entrusted $50,000 to Butler for him to hold in his attorney trust account. Butler placed all of the funds in that account. However, the client terminated Butler's services on or about June 16, 2004 and hired a new attorney, who directed Butler to return the unearned portion of the retainer and the $50,000 entrusted to him. Butler did not return the funds and instead used the funds for his own benefit. In July 2004, Judge Jeffrey S. Bagley of the Superior Court of Forsyth County ordered Butler to provide to attorney Tera Reese-Beisbier, no later than July 30, 2004, all monies that he had in his possession on behalf of the client and to provide an itemized accounting of any other monies that he was paid by the client. Butler failed to comply with the court's order, and the client subsequently filed a grievance against Butler with the State Bar. The special master also found that although Butler acknowledged service of the Investigative Panel's Notice of Investigation, he submitted a response to the grievance that contained false statements of material fact. The special master found no mitigating factors, but found several aggravating factors, including Butler's refusal to acknowledge the wrongful nature of his conduct; dishonest or selfish motive and apparent indifference to making restitution; his obstruction of the disciplinary process by failing to comply with the disciplinary procedural rules, including the failure to file a timely answer to the formal complaint and his subsequent claim that the cover letter on the motion to dismiss constituted an answer that could be amended; and his submission of false statements of material fact in his response to the grievance. Butler did not testify at the hearing before the special master. He did present the testimony of an individual who stated that she was an independent contractor who performed administrative and secretarial work for Butler, that she sent a fee letter and a billing statement to the client at Butler's direction, and that the fee letter was not for the divorce case, but supposedly for work to be undertaken by Butler for the client in a § 1983 civil rights case on an hourly basis. The special master found that, although Butler appeared to use the contractor's testimony to establish that he did not have a dishonest motive as he had earned the funds entrusted to him by the client in the § 1983 case, Butler never took the witness stand to claim that he actually did any of the work referred to in the § 1983 case fee letter and billing statement and, thus, there was no proof on the record that he did any of the alleged § 1983 work or that the money entrusted to him concerned anything

but the divorce case. The Review Panel adopted the special master's findings of fact, with one exception which it is not necessary to address herein.

In his exceptions to the Review Panel's report, Butler asserts that the special master ignored pertinent evidence, including a February 2006 DeKalb County court order dismissing the client's professional negligence lawsuit against Butler which raised the same claim that he improperly kept the funds she entrusted to him, and that the special master erred in holding that the disciplinary proceeding was exempt from the application of the principles of res judicata and collateral estoppel which might have arisen as a result of the dismissal of the DeKalb County lawsuit. Butler also argues that the special master erred in holding that his timely served "Letter Answer" was insufficient to avoid a default judgment; in refusing to treat his Motion to Dismiss as a summary judgment motion; in failing to address his argument in the motion that the formal complaint was fatally defective due to unreasonable vagueness; and, in failing to take judicial notice of an alleged communication he had with the Office of General Counsel in which he allegedly sought an oral Informal Advisory Opinion regarding his continued representation of the client in light of certain problems she allegedly had, an action which he claims should have constituted a mitigating factor.

In its brief in opposition to Butler's exceptions, the State Bar observes that the contents of the alleged phone call made to the Office of General Counsel would not be admissible, as any opinion given by the Office in such a call is the personal opinion of the issuing attorney and is neither a defense to any complaint nor binding on the State Disciplinary Board, the Supreme Court of Georgia, or the State Bar of Georgia, Bar Rule 4-401; that, even assuming the contents of such a call would have been admissible, Butler presented no proof of the substance of the call; that the special master correctly concluded that, although the dismissal of the client's lawsuit, which the special master assumed was dismissed for failing to file an expert affidavit, constituted a dismissal on the merits of a legal malpractice action, the State Bar was not a party to the civil proceeding and, thus, the civil case was not res judicata in the instant disciplinary proceeding; and, that, contrary to Butler's assertions, the State Bar was not in privity with the client, as the State Bar's role is akin to that of a prosecutor, a "citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another . . . ," see *Scanlon v. State Bar of Ga.*, 264 Ga. 251, 253 (443 SE2d 830) (1994), and, thus, the State Bar necessarily could not be in privity with a member of the public who files a grievance. With regard to Butler's claim that the special master improperly characterized his "Letter Answer" as insufficient to constitute an answer to the formal complaint, the State Bar

observed that the special master found that the letter was not filed as part of the record, did not respond specifically to any of the numbered paragraphs in the formal complaint and, thus, did not constitute an answer as contemplated by Bar Rule 4-212 (a).

We have reviewed the record in this matter and conclude that Butler violated Rules 1.15 (I) (a), 1.15 (II) (b), 8.1, and 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct and that the appropriate sanction is disbarment. Although we find no factors in mitigation, we find several factors in aggravation of discipline, including Butler's refusal to acknowledge the wrongful nature of his conduct, dishonest or selfish motive and apparent indifference to making restitution, his obstruction of the disciplinary process, and his submission of false statements of material fact in his response to the grievance. Accordingly, Michael B. Butler hereby is disbarred from the practice of law in Georgia. He is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 11, 2008 —
RECONSIDERATION DENIED MARCH 10, 2008.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.