In the Supreme Court of Georgia

Decided:    November 3, 2014

S14Y1678.  IN THE MATTER OF JOSEPH KIZITO.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master, Jonathan C. Peters, recommending that Joseph Kizito (State Bar No. 424804) be disbarred for his numerous violations of the Georgia Rules of Professional Conduct in handling an immigration matter for a client.  The State Bar filed a Formal Complaint and Kizito was served by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii).  He failed to respond so the special master found Kizito in default and found the facts alleged and violations charged deemed admitted, see Bar Rule 4-212 (a).

Those facts show that Kizito agreed to represent the client in 2008.  The client paid Kizito $1500 in attorney fees and $2,705 for filing fees.  He also provided documents to Kizito concerning the immigration matter.  Kizito did not file any pleadings in the matter and did not tell the client that he failed to file the case.  In July 2009 Kizito told the client that he should wait until 2010 to file

the matter, and that he would hold the filing fees in his trust account. Kizito did not hold the filing fees in an account separate from his own property and did not keep them in an approved attorney trust account. He also did not keep complete records of the client's filing fees. In December 2009 the client's wife contacted Kizito, who told her he no longer would represent her husband. He said he would immediately refund a portion of the attorney fees and would refund the filing fees within a few weeks. Kizito sent the client $1,000 in August 2011 as a partial refund of attorney fees. He withdrew the $1,000 from his trust account, along with $58 to pay the cost of wiring the money. Kizito commingled his funds with fiduciary funds and used funds from his trust account to pay the wiring fee. Kizito did not return any other funds to the client, including the filing fee, nor did he return the client's documents.

The special master concluded that by these actions Kizito violated Rules 1.3, 1.4, 1.5 (a), 1.15 (I) (a) and (b), 1.15 (II) (a) and (b), and 1.16 (a), see Bar Rule 4-102 (d). Rules 1.3, 1.15 (I) and 1.15 (II) may be punished by disbarment; Rules 1.4, 1.5 and 1.16 may punished by a public reprimand. The special master concluded that disbarment is the appropriate sanction in this matter, see In the Matter of Butler, 283 Ga. 250 (657 SE2d 245) (2008)

2

(disbarment for converting fiduciary funds to attorney's own); In the Matter of Williams, 281 Ga. 558 (640 SE2d 292) (2007) (same).

Having reviewed the record and the special master's order, we agree that disbarment is the appropriate sanction.  Therefore, it hereby is ordered that the name of Joseph Kizito be removed from the rolls of person authorized to practice law in the State of Georgia.  He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred.  All the Justices concur.