# Court of Appeals
# of the State of Georgia

ATLANTA,  November 22, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0676.  SAM L. LEVINE v. DAVID B. HODGINS.**

Nicole Chavannes retained attorney Sam L. Levine to represent her in a claim arising from an automobile accident. Levine was subsequently disbarred by order of the Supreme Court. *Matter of Levine*, 303 Ga. 284 (811 SE2d 349) (2018). Chavannes retained new counsel, David B. Hodgins, who entered into a settlement agreement on her behalf. Levine claims an attorney lien in a portion of the settlement proceeds for work he allegedly performed on the case after he was disbarred. Hodgins filed this interpleader action asking the trial court to determine entitlement to the disputed funds. Levine then filed motions to collaterally set aside or vacate the Supreme Court's disbarment order on the ground that the order is void. The trial court dismissed the motions for lack of jurisdiction. Levine appeals that ruling to this Court. We, however, lack jurisdiction.

"The Supreme Court of Georgia is endowed with the inherent and exclusive authority to govern the practice of law in Georgia." *Wallace v. State Bar of Ga.*, 268 Ga. 166, 166 (1) (486 SE2d 165) (1997) (citing, e.g., *Eckles v. Atlanta Technology Group*, 267 Ga. 801 (485 SE2d 22) (1997)). "[N]o court save the Supreme Court of Georgia has jurisdiction of a cause of action whereby a party seeks to challenge the action or inaction of the State Bar or any person in connection with a disciplinary

proceeding." *Wallace*, 268 Ga. at 167 (1). Because this case invokes the Supreme Court's exclusive authority over attorney disciplinary proceedings, and because the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  11/22/2019  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*, Clerk.*