RENDERED: JANUARY 16, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0342-MR

ALEX RYAN PAYNE                                               APPELLANT

v.                    APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 24-CI-01176

KENTUCKY BAR ASSOCIATION                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND CETRULO, JUDGES.

CETRULO, JUDGE: Alex Ryan Payne ("Payne"), *pro se*, appeals the order of the Franklin Circuit Court denying his petition for declaratory judgment pursuant to Kentucky Revised Statute ("KRS") 418.040. In his petition, Payne sought an order from the circuit court directing the Kentucky Bar Association and Unknown Bar Counsel (together, "KBA") to investigate a bar complaint filed by Payne against the Daviess Commonwealth's Attorney. The circuit court dismissed Payne's petition without prejudice for lack of subject matter jurisdiction, in addition to lack

of standing, immunity, and failure to state a claim upon which relief could be granted.  Upon review of the record and applicable law, we affirm.

## FACTS & PROCEDURAL BACKGROUND

Following his jury trial in Daviess County, Kentucky, Payne was convicted of multiple felonies and sentenced to 70 years of imprisonment.  Our Supreme Court affirmed his conviction and sentence on direct appeal[1] in *Payne v. Commonwealth*, 681 S.W.3d 1, 2 (Ky. 2023).  Payne then pursued relief via Kentucky Rule of Criminal Procedure ("RCr") 11.42, which was denied in July 2024, by the trial court.

In October 2024, Payne filed a bar complaint with the KBA against the Daviess Commonwealth's Attorney, alleging ethical violations in the prosecutor's handling of the underlying criminal case and the subsequent RCr 11.42 proceeding.  The KBA responded to Payne by letter dated October 23, 2024, stating that the Office of Bar Counsel completed its initial review and returned Payne's complaint as it did "not state[] an ethical violation suitable for a more thorough investigation or alternative disposition."  Should Payne disagree with that determination, the KBA's letter went on to inform him that he could file another complaint with additional information.  Finally, the letter advised that "[t]he disciplinary process is not a substitute for [his] remedies in court."

---

[1] KY. CONST. § 110(2)(b).

Payne then attempted to petition the Kentucky Supreme Court for judicial review of the KBA's decision, prompting the Court to return Payne's documents unfiled and respond with its own letter. In that letter, the Court quoted the Rule of the Supreme Court ("SCR") 3.160(3)(e), which provides that "[i]f Bar Counsel deems any written and sworn complaint against a member not to state an ethical violation and it is not suitable for alternative disposition, it may decline, without investigation, to entertain it." The Court's letter further clarified that "SCR 3.160, and other related disciplinary rules, do not provide for a matter of right appeal to the Supreme Court when Bar Counsel or the Inquiry Commission decline to take further action against an attorney."

Undeterred, Payne filed a petition with the Franklin Circuit Court seeking a declaration of rights pursuant to KRS 418.040, accusing the KBA of violating SCR 3.155 and 3.160(3)(d),[2] and requesting an order requiring the KBA to investigate the alleged ethical violations raised in his bar complaint. The KBA responded with a motion to dismiss on the following grounds: (1) the Franklin Circuit Court lacked subject matter jurisdiction as the Kentucky Supreme Court retains original and exclusive jurisdiction over disciplinary proceedings; (2) Payne lacked standing; (3) the KBA's absolute immunity barred Payne's suit; and (4)

---

[2] SCR 1.160(3)(d), however, applies "[i]f Bar Counsel deems a written and sworn complaint *to state an ethical violation,* such that alternative disposition is not appropriate . . . ." (Emphasis added).

Payne's petition failed to state a claim upon which relief may be granted. The circuit court granted the KBA's motion to dismiss primarily on the ground that it lacked subject matter jurisdiction, in addition to Payne's lack of standing, the KBA's immunity, and the failure of Payne's petition to state a claim upon which relief could be granted.

Payne then filed a motion to vacate and set aside the circuit court's order under Kentucky Rules of Civil Procedure ("CR") 59.05, wherein he argued issues of timeliness, jurisdiction, and immunity. The circuit court considered his arguments and objections and issued a more detailed order denying his motion under CR 59.05. The circuit court clarified that it did not have any authority or basis to consider Payne's claims as regulation of the KBA is within the Kentucky Supreme Court's exclusive jurisdiction. Moreover, as Payne's criminal conviction stemmed from his prosecution in Daviess County, the Franklin Circuit Court was an inappropriate forum to address any claims related to RCr 11.42 or CR 60.02.

On appeal, Payne's arguments before this Court are that the Franklin Circuit Court erred in its determination that it lacked subject matter jurisdiction over his claims against the KBA and that any immunity afforded to the KBA did not bar his petition for a declaration of rights.

## ANALYSIS

We begin our analysis by addressing "the rash of hyperbolic arguments pertaining to jurisdiction and propriety." *Ex parte Farley*, 570 S.W.2d 617, 621 (Ky. 1978). The *de novo* standard of review applies to questions of jurisdiction as they are "ordinarily one of law[.]" *Louisville Hist. League, Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 709 S.W.3d 213, 221 (Ky. 2025) (quoting *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007)). In the simplest terms, the jurisdictional question presented is whether a circuit court has the power to compel the KBA to further investigate a bar complaint it already reviewed and dismissed. The clear answer lies in Section 116 of the Kentucky Constitution, which provides the Kentucky Supreme Court with exclusive jurisdiction over the admission, regulation, and discipline of Kentucky attorneys. Section 116 states:

> The Supreme Court shall have the power to prescribe rules governing its appellate jurisdiction, rules for the appointment of commissioners and other court personnel, and rules of practice and procedure for the Court of Justice. *The Supreme Court shall, by rule, govern admission to the bar and the discipline of members of the bar*.

KY. CONST. § 116 (emphasis added). A review of Kentucky legal precedent solidifies our Supreme Court's sole authority and original jurisdiction over such matters.[3]

In *Kentucky Bar Association v. Shewmaker*, our Supreme Court addressed the lack of authority for circuit courts to interfere in disciplinary matters, noting that "[s]ince 1918 the highest court in Kentucky has exercised the sole right to admit and discipline attorneys. This authority supersedes any inherent power of the circuit court." 842 S.W.2d 520, 521 (Ky. 1992) (citing *Ratterman v. Stapleton*, 371 S.W.2d 939 (Ky. 1963)). Citing to Section 116 and the Supreme Court Rules, the *Shewmaker* Court stated, "[i]t is clear that this Court is vested with the *exclusive jurisdiction* over disciplinary proceedings." *Id.* at 522 (emphasis added).

At issue in *Shewmaker* was a circuit court's authority to issue a protective order quashing the KBA's subpoena for a material witness to appear for a deposition in connection with a disciplinary proceeding. *Id.* at 521. Following entry of the lower court's protective order, the KBA promptly petitioned our

---

[3] *See, e.g.*, *Greissman v. Rawlings & Assocs., PLLC*, 571 S.W.3d 561, 567 (Ky. 2019) ("Section 116 of the Kentucky Constitution vests the Kentucky Supreme Court with exclusive rule-making power regarding attorney discipline."); *Travis v. Landrum*, 607 S.W.2d 124, 125 (Ky. App. 1980) ("The [KBA] has been the agency through which the Supreme Court administers its supervision and discipline of the members of the bar."); *Delahanty v. Commonwealth*, 558 S.W.3d 489, 503 n.15 (Ky. App. 2018) ("[A]ttorney discipline matters are overseen exclusively by the Kentucky Supreme Court. Neither the district court nor this Court is vested with any authority whatsoever in matters of attorney discipline or conduct. That authority belongs exclusively to the KBA and the Kentucky Supreme Court.").

Supreme Court for a writ of prohibition, arguing in part that CR 26.03 did not confer authority upon circuit courts to enter protective orders hindering the disciplinary process. *Id.* at 522. Our Supreme Court granted the KBA's writ, concisely and definitively shutting down any attempt by a lower court to seize its jurisdictional authority. *Id.* Even though SCR 3.340 permits the use of depositions in accordance with the Kentucky Rules of Civil Procedure, the latter does not open the door for a circuit court to intervene in disciplinary proceedings. *Id.* ("A protective order from [the circuit court] preventing [the witness] from being deposed is *violative of this Court's exclusive jurisdiction over disciplinary proceedings*. CR 26.03 does not bestow upon circuit courts the jurisdiction to enter protective orders in disciplinary actions. Because the circuit court proceeded outside its jurisdiction and because the KBA does not have an adequate remedy by appeal, a writ of prohibition shall be issued . . . ." (emphasis added)).

While the facts in *Shewmaker* involved an instance wherein disciplinary proceedings were already initiated, the jurisdictional tenet logically extends to the present situation under review: a circuit court has no authority to demand the KBA reconsider a dismissed bar complaint and conduct further investigation.

Payne asserts that the Kentucky Supreme Court only has appellate jurisdiction except for the exceptions noted in Section 110(2)(a) of the Kentucky

Constitution.[4]  As he claims to not be seeking any of those exceptions, he argues

that Section 112(5), which provides that "[t]he Circuit Court shall have original

jurisdiction of all justiciable causes not vested in some other court[,]" dictates that

the appropriate avenue to address his petition is in the circuit court.

In *Abernathy v. Nicholson*, our Supreme Court turned to Sections

110(2)(a) and 116 of the Kentucky Constitution to explain the parameters of

invoking its original jurisdiction.  899 S.W.2d 85, 87-88 (Ky. 1995).  At the outset

of its analysis, the Court made the following observation:

> Initially it should be conceded that this Court possesses the
> raw power to entertain any case which fits generally within
> the rubric of its constitutional grant of authority.  As
> Section 110(2)(a) of the Constitution contains a provision
> which grants the Supreme Court supervisory control of the
> Court of Justice, virtually any matter within that context
> would be subject to its jurisdiction.

*Id.* at 88.  Despite this "raw power," our Supreme Court carefully employs its

discretion to exercise its original jurisdiction "only in well defined or compelling

circumstances[.]"  *Id.*  Such compelling circumstances, the Court reasoned, were

exemplified in *Ex parte Farley*, *supra*, and *Ex parte Auditor of Public Accounts*,

609 S.W.2d 682 (Ky. 1980):

---

[4] KY. CONST. § 110(2)(a) ("The Supreme Court shall have appellate jurisdiction only, except it shall have the power to issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice.").

In *Ex Parte Farley*, this Court held that it alone, save the limited right of review of the Supreme Court of the United States, had jurisdiction to hear and determine a cause which had as its ultimate objective a judgment declaring what this Court must or must not do. As authority for this, we quoted that portion of Section 110(2)(a) of the Constitution which provides that it shall have such jurisdiction as may be required to exercise control of the Court of Justice. . . . In *Ex parte Auditor of Public Accounts*, the question was whether the auditor was entitled to audit the books and accounts of the [KBA]. Relying on *Ex parte Farley*, we held that "because the Association is an arm of the court itself, and therefore cannot properly be sued in any of the other courts of the state, this court is [the] only forum in which the controversy can be heard and officially resolved."

*Abernathy*, 899 S.W. at 88 (second alteration in original) (first citing *Ex parte Farley*, 570 S.W.2d at 621; and then quoting *Ex parte Auditor of Public Accts.*, 609 S.W.2d at 683).

The Kentucky Constitution and legal precedent firmly establish our Supreme Court's original and exclusive jurisdiction over the discipline of attorneys. The circuit court did not err by dismissing Payne's petition for lack of subject matter jurisdiction.

While we resolve this matter on jurisdictional grounds, we briefly address Payne's contention that his petition for declaratory judgment is the appropriate means by which to address his grievance. Our case law is clear that trial courts are to liberally construe *pro se* pleadings to attempt to extract the *pro se* litigant's intent. *Taylor v. Commonwealth*, 354 S.W.3d 592, 594 (Ky. App. 2011).

-9-

It appears that Payne's true intent behind his petition for a declaratory judgment was to *appeal* the KBA's dismissal of his bar complaint by seeking a "declaration" that the KBA arbitrarily exercised its authority and violated its duties under the Supreme Court Rules. Even in his appellate brief, Payne maintains his primary complaint that "[t]here is no appeal process to a complainant for the denial of a bar complaint."

To address this misconception, we need only refer to our Supreme Court's holding in *Woodard v. Kentucky Bar Association*, 156 S.W.3d 256, 257 (Ky. 2004). Therein, our Supreme Court noted the following:

> A bar complaint by an individual is the means by which the attention of the Inquiry Commission is brought to a possible violation of the rules of professional conduct and *not a method of individual relief or remedy for a specific complaint*. A disciplinary matter is one involving the investigative process between the KBA and the lawyer, *not an adversarial proceeding*. Here, the Commission declined to authorize an investigation and dismissed the complaint. *There is no rule permitting an appeal of that decision.* Consequently, Woodard has *no standing* to appeal to this Court.

*Id.* (emphasis added) (citing *In re Stump*, 114 S.W.2d 1094 (Ky. 1938)).

The matter of Payne's standing to initiate this type of suit faces the same fate, despite his attempt to seek relief under the guise of a declaratory judgment. "An actual controversy for purposes of the declaratory judgment statute, requires a controversy over present rights, duties, and liabilities; it does not

-10-

involve a question which is merely hypothetical or an answer which is no more than an advisory opinion." *Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010) (citing *Barrett v. Reynolds*, 817 S.W.2d 439, 441 (Ky. 1991)). An actual controversy necessarily requires *adversarial parties*. *See id.* As discussed in *Woodard*, not only is the disciplinary process not an adversarial proceeding, 156 S.W.3d at 257, but the party filing the bar complaint has no standing beyond just that: the filing of a complaint. Moreover, a petition under KRS 418.040 (or a bar complaint for that matter) is not an alternative avenue "for attacking the final judgment of a trial court in a criminal case[.]" *Foley*, 306 S.W.3d at 31 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)). *See also id.* at 32 (discussing the use of declaratory judgments in the structure for postconviction relief). Upon receipt of the KBA's letter, Payne's option was to submit another complaint with additional or different information. While he may have disagreed with the KBA's determination, the option to resubmit his complaint was the end of the line in terms of relief. "Regrettable as it may be, all things mortal are destined to end at some time and at some place, some without further appeal and some without any appeal at all." *Ex parte Farley*, 570 S.W.2d at 622.

## CONCLUSION

We AFFIRM the Franklin Circuit Court's dismissal of Payne's petition for declaratory judgment based on the lack of subject matter jurisdiction.

-11-

We have considered but decline to address Payne's immunity and other arguments on appeal as they are unnecessary for the disposition of this case.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Alex Ryan Payne, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Bethany A. Breetz
Louisville, Kentucky