Vincent C. STOPHER, Petitioner,

v.

Hon. F. Kenneth CONLIFFE, Judge, Jefferson Circuit Court, Respondent.

and

Commonwealth Of Kentucky, Real Party in Interest.

No. 20030–SC–0710–OA.

Supreme Court of Kentucky.

April 21, 2005.

Rehearing Denied Sept. 22, 2005.

David Hare Harshaw, III, Department of Public Advocacy, Theodore S. Shouse, Assistant Public Advocate, Department of Public Advocacy, Lagrange, Counsel for Appellant.

F. Kenneth Conliffe, Judge, Jefferson Circuit Court, Hall of Justice, Louisville, for Respondent.

Gregory D. Stumbo, Attorney General, Jeanne Deborah Anderson, Louisville, Counsel for Real Party in Interest.

Opinion of the Court by Justice KELLER.

## I. ISSUE

Petitioner filed an RCr 11.42 motion and requested an ex parte hearing under KRS 31.185 at which he would seek funds for an expert to support his motion. The trial

court denied Petitioner's request, and he now petitions this Court to issue a writ of mandamus directing the trial court to conduct an ex parte hearing on his request for such funds. Because we find that the statutory entitlement to funds for an expert does not extend to post-conviction proceedings, we deny the petition for a writ of mandamus.

## II. BACKGROUND

Petitioner was convicted of intentional murder and sentenced to death for killing a Jefferson County Sheriff's deputy when he responded to a call at Petitioner's residence. This Court affirmed his conviction on appeal in *Stopher v. Com.*[1] On July 3, 2002 Petitioner sought RCr 11.42 relief in the trial court by claiming, *inter alia*, that he was denied a fair trial due to his counsel's ineffective assistance on the grounds that his counsel failed to become informed about the ingredients in LSD and how a "bad batch" can differ, failed to present a "bad batch" defense, and failed to provide defense expert toxicologist, Dr. Michael Evans, with information about the "bad batch." In order to support his RCr 11.42 claims, Petitioner requested funds for an expert and an ex parte hearing on his request pursuant to KRS 31.185. The trial court denied Petitioner's request for an ex parte hearing on the basis that the statute was unconstitutional because it infringed upon the court's rule-making authority and thus violated the separation of powers doctrine. Petitioner now asks this Court to issue a writ of mandamus directing the trial court to conduct an ex parte hearing on Petitioner's request for funds.

## III. ANALYSIS

■ Petitioner requests a writ because he contends the trial court is acting erroneously within its jurisdiction, i.e., refusing to hold an ex parte hearing on his request for funds to retain an expert despite Petitioner's entitlement thereto.[2] Underlying this request is the presumption that expert funds are available under KRS 31.185 in an RCr 11.42 proceeding. And therein lies the crux of Petitioner's request for a writ—a matter of first impression. Although this Court has previously determined that indigent defendants have no constitutional guarantee to expert funds when pursuing post-conviction relief under RCr 11.42,[3] we must now address whether such a guarantee is provided by KRS 31.185.

■ Essentially, the question of whether funds are available in post-conviction proceedings is nothing more than a matter of statutory interpretation. This Court's duty when interpreting statutes is to give effect to the General Assembly's intent.[4] And in so doing, "[t]he plain meaning of the statutory language is pre-

---

1. 57 S.W.3d 787 (Ky.2001).

2. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) ("A writ of [mandamus] prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.").

3. *Foley v. Commonwealth*, 17 S.W.3d 878, 886–887 (Ky.2000) ("Foley has no constitutional right to expert assistance in a collateral attack proceeding. The requirement to provide funds to indigent defendants for necessary experts ... has not been extended to post-conviction matters.").

4. *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815 (Ky.2005); *Beckham v. Bd. of Educ. Of Jefferson Co.*, 873 S.W.2d 575, 577 (Ky.1994).

sumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source."[5]

KRS 31.185 states in relevant part:

(1) Any defending attorney operating under the provisions of this chapter is entitled to use the same state facilities for the evaluation of evidence as are available to the attorney representing the Commonwealth. If he or she considers their use impractical, the court concerned may authorize the use of private facilities to be paid for on court order from the special account of the Finance and Administration Cabinet.

(2) The defending attorney may request to be heard ex parte and on the record with regard to using private facilities under subsection (1) of this section. If the defending attorney so requests, the court shall conduct the hearing ex parte and on the record.

■ This Court has a responsibility "to ascertain the intention of the legislature from words used in enacting statutes rather than surmising what may have been intended but was not expressed."[6] We believe the General Assembly's choice of the words "defending attorney" was deliberate as the adjective "defending" indicates a distinct stage in criminal proceedings.

■ It is clear from the use of the words in the statute that the General Assembly intended to limit the use of funds or facilities allowed under KRS 31.185 to attorneys representing an indigent defendant *at trial.* Appointed counsel representing an indigent person in a post-conviction proceeding is not a defending attorney since in an RCr 11.42 proceeding the convicted person is the moving party and bears the burden of attacking the conviction, which the prosecutor must defend. As a result, the movant in an RCr 11.42 proceeding is not a defendant and the attorney representing him or her is not a "defending attorney." Thus, the plain meaning of KRS 31.185(2) indicates that it only applies to trial and does not apply to post-conviction proceedings.

Furthermore, we have consistently held that the hiring of an expert for use in a collateral attack on a conviction exceeds the bounds and purpose of RCr 11.42, which only "provide[s] a forum for known grievances, not ... the opportunity to research for grievances."[7] The importance of providing an indigent defendant with funds or facilities at trial is to ensure that an indigent defendant is not denied the tools with which to develop his or her defense. Unlike a request for funds before trial, this concern is not present in an RCr 11.42 proceeding where a movant must "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies."[8] A motion that fully complies with RCr 11.42 must disclose the need for the funds; thus obliterating any need for an ex parte hearing. This further supports our conclusion that KRS 31.185 does not apply to post-

5. RONALD BENTON BROWN & SHARON JACOBS BROWN, STATUTORY INTERPRETATION: THE SEARCH FOR LEGISLATIVE INTENT § 4.2, at 38 (NITA, 2002) [hereinafter "STATUTORY INTERPRETATION"].

6. *Flying J Travel Plaza v. Commonwealth of Ky. Transp. Cabinet, Dep't of Highways,* 928 S.W.2d 344, 347 (Ky.1996).

7. *Hodge v. Commonwealth,* 116 S.W.3d 463, 468 (Ky.2003); *Haight v. Commonwealth,* 41 S.W.3d 436, 441 (Ky.2001); *Sanborn v. Commonwealth,* 975 S.W.2d 905, 909 (Ky.1998); *Hicks v. Commonwealth,* 670 S.W.2d 837, 839 (Ky.1984).

8. RCr 11.42(2).

conviction proceedings. Thus, even if Petitioner was entitled to expert funds, he would nevertheless, by the very nature of an RCr 11.42 proceeding, be denied a writ of mandamus instructing the trial court to conduct an ex parte hearing.

Furthermore, we overrule *Foley v. Commonwealth* [9] to the extent that it holds that an indigent person filing an RCr 11.42 motion is entitled to funds for expert assistance upon a showing that such assistance is reasonably necessary.[10]

## IV.  CONCLUSION

Because we hold that an indigent petitioner in post-conviction proceedings is not entitled to funds under KRS 31.185 to retain an expert, we deny the petition for a writ of mandamus.

All concur.

---

**9.** 17 S.W.3d 878 (Ky.2000).

**10.** *Id.* at 887.