John MILLS, Petitioner

v.

Hon. Roderick MESSER, Judge, Knox Circuit Court; and Commonwealth of Kentucky (Real Party In Interest), Respondent.

No. 2007–SC–000553–OA.

Supreme Court of Kentucky.

June 19, 2008.

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

Petitioner, John Mills, seeks a writ of mandamus ordering the Knox Circuit Court to conduct an evidentiary hearing to determine whether he is entitled to state funds for expert assistance on his RCr 11.42 motion. In light of our recent deci-

sion in *Soto v. Conrad,* the petition is granted.

Petitioner is currently awaiting imposition of the death penalty while litigating his RCr 11.42 motion. The factual circumstances underlying his convictions can be found at *Mills v. Commonwealth,* 996 S.W.2d 473 (Ky.1999). Following his conviction, Petitioner filed a motion pursuant to RCr 11.42, alleging eighty-five claims of ineffective assistance of counsel. The Knox Circuit Court overruled the motion without a hearing, and Petitioner appealed. This Court remanded the matter to the trial court for an evidentiary hearing solely on the issues of Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct with respect to the possibility that another person killed the victim, and as to Petitioner's claims of ineffective assistance of counsel in the presentation of mitigating evidence during the penalty phase. *Mills v. Commonwealth,* 170 S.W.3d 310 (Ky.2005).

Prior to the evidentiary hearing, Petitioner moved the Knox Circuit Court to conduct an additional hearing to determine whether state funds for expert assistance should be granted. Specifically, Petitioner sought state funds to retain a forensic expert specializing in fingerprint evidence; a forensic expert specializing in crime scene reconstruction; a forensic pathologist; an expert attorney witness; a psychologist; and a social worker. The Knox Circuit Court denied the motion, relying on this Court's decision in *Stopher v. Conliffe,* 170 S.W.3d 307 (Ky.2005). In *Stopher,* we held that "the hiring of an expert for use in a collateral attack on a conviction exceeds the bounds and purpose of RCr 11.42[.]" *Id.* at 309.

■ However, in our recent decision in *Soto v. Conrad,* we held that a post-conviction petitioner *may* be allowed funding for necessary evidentiary expenses upon the finding by "a court of competent jurisdiction" that "the post-conviction petition sets forth allegations sufficient to necessitate an evidentiary hearing" regarding a particular issue. No.2006–SC–000924, slip op. at 2. *quoting Hodge v. Coleman,* 244 S.W.3d 102, 108 (Ky.2008). Thus, as clarified in *Soto,* a petitioner may be entitled to state funds for the procurement of expert testimony upon a showing that such witness is reasonably necessary for a full presentation of the petitioner's case. The trial court still maintains the discretion to deny such funds if it determines that the expert testimony is not reasonably necessary.

■ Petitioner seeks relief in the form of a writ of mandamus. A writ of mandamus is an extraordinary remedy that is granted in limited circumstances:

A writ of "mandamus" *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004).

■ Here, Petitioner seeks a writ of the second nature. In *Soto,* we granted a writ without a showing of irreparable harm, in the interest of judicial economy, as it would be inefficient to "raise the funding issue for the first time on direct appeal after the post-conviction proceeding because if the petitioner was found to be entitled to funding, the entire proceeding would be held again and the administration of justice would be delayed." *Id.* at 3. Based on the same rationale espoused in

*Soto*, we conclude that Petitioner has satisfied the prerequisites necessary to the granting of a writ.

Accordingly, the petition for a writ of mandamus is granted. As stated above, this Court has previously determined that an evidentiary hearing is necessary to develop Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct. *See Mills*, 170 S.W.3d at 342–43. Accordingly, this matter is remanded to the Knox Circuit Court for determination as to whether Petitioner's proposed expert witnesses are necessary for a full-presentation of these claims. The Knox Circuit Court retains discretion as to what funds or state services Petitioner may receive, pursuant to KRS 31.185.

All sitting. All concur.

ENTERED: June 19, 2008.

/s/ Joseph E. Lambert

Chief Justice