**Robert Carl FOLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–SC–000428–TG.

Supreme Court of Kentucky.

March 18, 2010.

John Anthony Palombi, Montgomery, AL, Heather Christina McGregor, Assistant Public Advocate, Department of Public Advocacy, LaGrange, KY, Counsel for Appellant.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

Robert Carl Foley appeals from a Franklin Circuit Court order denying his petition for declaratory judgment pursuant to KRS 418.040. In his petition Foley sought to have Kentucky's self-defense statutes as they existed at the time of his 1991 trial (and to the extent they now remain inconsistent with KRS 503.055— the castle doctrine statute) declared unconstitutional.

The circuit court determined that there was not an actual case or controversy stated in the declaratory judgment petition as required by KRS 418.040. Based upon this determination, the court dismissed the petition pursuant to CR 12.02(f) for failure to state a claim upon which relief could be granted. For the reasons stated below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 1993, the Laurel Circuit Court imposed two death sentences upon Foley pursuant to convictions for the August 17, 1991, murders of Harry Lynn Vaughn and Rodney Vaughn. On direct appeal, we affirmed the convictions and sentences. *Foley v. Commonwealth*, 942 S.W.2d 876 (Ky.1996).[1]

After the United States Supreme Court denied his petition for certiorari, *see Foley v. Kentucky*, 522 U.S. 893, 118 S.Ct. 234, 139 L.Ed.2d 165 (1997), on October 4, 1997, Foley filed a petition for relief pursuant to RCr 11.42 in Laurel Circuit Court. In his petition Foley sought, among other things, public funds to retain a ballistics expert and social worker expert to assist him in the case. On November 25, 1997, the trial court denied the petition, and we affirmed. *See Foley v. Commonwealth*, 17 S.W.3d 878 (Ky.2000) (overruled in part by

---

1. Foley is also serving four death sentences for the murders of four other persons in 1989 in Laurel County. *See Foley v. Commonwealth*, 953 S.W.2d 924 (Ky.1997).

*Stopher v. Conliffe,* 170 S.W.3d 307 (Ky. 2005)).

Subsequently, Foley filed a motion for a new trial pursuant to CR 60.02 and RCr 10.02 alleging that a witness had recanted his testimony. The trial court denied that motion, and we affirmed in *Foley v. Commonwealth,* 2003 WL 21993756 (Ky.2003). On July 6, 2007, Foley filed a motion pursuant to CR 60.02 for relief from the judgment denying his 1997 RCr 11.42 motion, arguing that because of an intervening change in the law, the trial court should vacate its judgment and conduct a hearing on his claim that trial counsel was ineffective for failing to properly present his motion for a change in venue at trial. The trial court denied the motion and we affirmed. *Foley v. Commonwealth,* 2009 WL 1110333 (Ky.2009).

In the meantime, Foley also sought federal habeas corpus relief claiming that he was denied a fair trial due to pre-trial publicity and the trial court's refusal to grant a change in venue, which habeas relief was denied by the United States District Court. That denial was affirmed in *Foley v. Parker,* 488 F.3d 377 (6th Cir. 2007). In addition, Foley presently has pending before this Court an appeal from the denial of his motion for post-conviction relief pursuant to CR 60.02 in which he seeks to have expert witness as appointed and relitigate the 1997 RCr 11.42 case. Case No.2008–SC–00909.

The present declaratory judgment action was filed in Franklin Circuit Court on May 27, 2008. Foley's argument is, at times, unclear, but, in substance, he seeks to have the Commonwealth's self-defense statutes as they existed at the time of his trial declared unconstitutional as violative of the Kentucky Constitution § 1, which provides: "All men are, by nature, free and equal, and have certain inherent and inalienable rights, among which may be reckoned: First: The right of enjoying and defending their lives and liberties." He also requests a declaration that the present statutes are unconstitutional insofar as they indicate that self-defense is a "privilege" and not a "right," and to the extent that they are inconsistent with KRS 503.055 (the castle doctrine statute). He does not seek relief relating directly to his 1993 conviction and sentence.

The gist of Foley's argument is that our Constitution identifies self-defense as a *right,* but was treated by the self-defense statutes in effect at the time of his trial as a *privilege.* He contends that the "castle doctrine" as now codified in KRS 503.055 represents a proper implementation of the constitutional right, and illustrates the unconstitutionality of the self-defense provisions in effect at the time of his trial.

On May 19, 2009, the circuit court entered an order denying Foley's petition for declaratory relief. Appeal was taken to the Court of Appeals; we thereafter granted transfer because the proceeding implicates a case in which a death sentence was imposed.

## DISCUSSION

Foley contends that the trial court erred in denying his motion for declaratory judgment. He argues that there is a cognizable case or controversy entitling him to proceed under the statute, and that it is irrelevant that he is not seeking consequential relief.

Foley's petition for declaratory judgment does not request direct relief from his 1993 judgment. However, he does state that due to the unconstitutionality of the self-protection statutes in effect at the time of his trial "the instructions given to [his] jury did not comport with the dictates of § 1 of the Kentucky Constitution," that "[a] finding of unconstitutionality would al-

low [him] to take other avenues, like a federal habeas, to exonerate himself," and that "[s]uch a finding would also affect administrative actions like pardon and clemency." Thus, while the petition is not a direct collateral attack on the judgment, Foley identifies its purpose as a prelude to further proceedings involving the 1993 judgment.

The declaratory judgment statute, KRS 418.040, provides as follows:

> In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

■ The requirement of an "actual controversy" is of fundamental importance. As this Court has previously stated:

> The existence of an actual controversy respecting justiciable questions is a condition precedent to an action under the [Declaratory Judgment Act]. The court will not decide speculative rights or duties which may or may not arise in the future, but only rights and duties about which there is a present actual controversy presented by adversary parties, and in which a binding judgment concluding the controversy may be entered.

*Veith v. City of Louisville*, 355 S.W.2d 295, 297 (Ky.1962) (quoting *Black v. Elkhorn Coal Corp.*, 233 Ky. 588, 26 S.W.2d 481, 483 (1930)) (citations omitted in original); *Nordike v. Nordike*, 231 S.W.3d 733, 739 (Ky.2007)

■ "An actual controversy for purposes of the declaratory judgment statute, requires a controversy over present rights, duties, and liabilities; it does not involve a question which is merely hypothetical or

an answer which is no more than an advisory opinion." *Barrett v. Reynolds*, 817 S.W.2d 439 441 (Ky.1991) (*citing Dravo v. Liberty Nat'l Bank & Trust Co.*, 267 S.W.2d 95 (Ky.1954)).

■ We agree with the trial court that Foley's petition fails to plead an existing actual controversy. To the extent that Foley seeks to have the present self-protection statutes contained in Chapter 503 examined, their constitutionality has no foreseeable application to him. He is presently incarcerated in a maximum security prison subject to six death sentences. Therefore, to Foley, adjudication of the constitutionality of existing self-protection statutes would amount to no more than an advisory opinion.

Similarly, Foley explicitly disclaims that he is seeking relief from his 1993 conviction and sentence through this declaratory judgment action. As such, resolution of his declaratory judgment action would affect no present right in relation to the Vaughn brothers murder case. Foley suggests that a favorable judgment could lead to a future federal habeas corpus case or impact future pardon or clemency proceedings; however, as those theoretical possibilities are unrelated to any present right, duty, or liability, his contemplation of future legal proceedings is outside the scope of the statute.

Moreover, we have previously held that "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete[,]" and "[t]hat structure is set out in the rules related to direct appeals, in RCr 11.42, and ... CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky.1983). This structure provides for wide-ranging opportunities for a defendant to challenge in all respects the legality and fairness of his conviction and sentence, and Foley has

identified no deficiencies in this structure which would have prevented him from raising and litigating a challenge to the constitutionality of his self-defense jury instructions within its framework. Foley, in effect, seeks to incorporate the declaratory judgment action into the post-conviction remedy procedures, at least as an initial step to further collateral attacks; however, we find no compelling reason to deviate from the well established structure as explained in *Gross.*

In this vein, we note that the exclusion of the declaratory judgment procedure from post-conviction process is widely followed in the federal court system. *See U.S. v. Gutierrez,* 116 F.3d 412, 415 (9th Cir.1997) ("The Declaratory Judgment Act may not be used as a substitute for 'habeas corpus, coram nobis or other such procedures'.") *United States ex. rel. Bennett v. Illinois,* 356 F.2d 878, 879 (7th Cir.1966) (same); *Gajewski v. United States,* 368 F.2d 533, 534 (8th Cir.1966) ("[W]e are unaware of any authority which would permit the [Declaratory Judgment Act] to be used as a post-conviction remedy."); *Forsythe v. Ohio,* 333 F.2d 678, 679 (6th Cir. 1964) ("[T]he Declaratory Judgment Act ... cannot be used as a substitute for appeal, habeas corpus, coram nobis or other procedures....."). Similarly, KRS 418.040 is not a substitute for direct appeal, RCr 11.42, and/or CR 60.02 proceedings, nor, as here, a device to set the stage for such proceedings.

 That is not to say, however, that the declaratory judgment procedure may not be used by prison inmates for limited purposes unrelated to a direct collateral attack on a criminal judgment. *See Baze v. Rees,* 217 S.W.3d 207 (Ky.2006) (Inmates brought declaratory judgment action alleging that the lethal injection method of capital punishment was cruel and unusual punishment forbidden by the Eighth Amendment). However, piecemeal litigation through successive declaratory judgment actions is precluded. *Bowling v. Kentucky Dept. of Corrections,* 301 S.W.3d 478 (Ky.2009).

In summary, the circuit court properly denied Foley's petition for declaratory relief.

### CONCLUSION

For the foregoing reasons the judgment of the Franklin Circuit Court is affirmed.

All sitting. All concur.