RENDERED:  MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1365-MR


JEFFREY EUGENE JACKSON, JR.                      APPELLANT



APPEAL FROM FAYETTE CIRCUIT COURT
v.                 HONORABLE LUCY A. VANMETER, JUDGE
ACTION NO. 13-CR-00614



COMMONWEALTH OF KENTUCKY;
KENTUCKY DEPARTMENT OF CORRECTIONS;
AND KENTUCKY PAROLE BOARD                      APPELLEES



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Jeffrey Eugene Jackson, Jr. ("Appellant"), *pro se*,

appeals from an order of the Fayette Circuit Court denying his motion for a

declaration of rights and injunctive relief.  He argues that the circuit court

committed reversible error and violated his constitutional rights in failing to rule

that he has earned so much sentencing credit that he will reach his projected completion date before his parole eligibility date. The circuit court denied the motion upon concluding that Appellant's claim is purely speculative and is not a present, actual controversy subject to the jurisdiction of the court. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On February 11, 2014, Appellant entered a plea of guilty in Fayette Circuit Court to one count each of manslaughter in the second degree, possession of firearm by a convicted felon, tampering with physical evidence, and being a first-degree persistent felony offender ("PFO").[1] He was sentenced to a term of 20 years in prison, and per the PFO statute was required to serve at least 10 years before parole eligibility.[2] According to the record, Appellant's parole eligibility date is April 2, 2023, and his good time release date is November 3, 2022.

In 2021, Appellant instituted an administrative review of his sentencing and release date. He was advised by both institutional staff at the Roederer Correctional Complex in La Grange, Kentucky, and on administrative appeal to an Offender Information Specialist, that he was not eligible for

---

[1] Kentucky Revised Statutes ("KRS") 507.040, KRS 527.040, KRS 524.100, and KRS 532.080(3).

[2] KRS 532.080(7).

Mandatory Reentry Supervision ("MRS") until he reached his parole eligibility date.

Not satisfied with the outcome of the administrative review, Appellant, *pro se*, filed a motion in his underlying criminal case in Fayette Circuit Court seeking a declaration of rights and injunctive relief. Specifically, Appellant sought a declaration of his MRS release date. On October 22, 2021, the circuit court entered an order denying the relief sought. In support of the order, the court cited *Foley v Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010), for the proposition that a trial court may not adjudicate speculative rights or duties which may arise in the future and do not raise a present, actual controversy. The court noted that the time for review of Appellant's MRS release eligibility had not arrived, and that the Kentucky Department of Corrections ("DOC") was not required to submit to the Kentucky Parole Board ("the Board") a list of eligible MRS candidates until one month prior to MRS eligibility. The court also noted that the DOC and the Board were not parties to the criminal action and could not be made parties to the present action by way of the motion for a declaration of rights. This appeal followed.

## STANDARD OF REVIEW

The standard of review for a trial court's dismissal of a declaration of rights is *de novo*. *Hopkins v. Smith*, 592 S.W.3d 319, 322 (Ky. App. 2019).

## ARGUMENTS AND ANALYSIS

Appellant argued below that he has earned so much sentencing credit, including "good time" and other credit, that he will reach his projected completion date before his parole eligibility date. He asserted that the DOC informed him that it interprets KRS 439.3406 as prohibiting the release of an inmate who has not reached his parole eligibility date. This interpretation, he contends, was erroneous. He now argues that the circuit court improperly failed to correct this error by way of a declaration of rights and injunctive relief.

KRS 439.3406(1) requires the Board to order MRS "six (6) months prior to the projected completion date of an inmate's sentence for an inmate who has not been granted discretionary parole." This provision, however, is subject to a number of exceptions. One such exception provides that, "[t]he provisions of subsection (1) of this section *shall not apply to an inmate who . . . is not eligible for parole by statute*[.]" KRS 439.3406(2)(a) (emphasis added).

The Fayette Circuit Court, however, did not address the corpus of Appellant's argument, instead finding that because Appellant was not yet eligible for MRS or parole, his claim was purely speculative. *Foley*, *supra*, provides in relevant part that,

> [t]he court will not decide speculative rights or duties
> which may or may not arise in the future, but only rights
> and duties about which there is a present actual
> controversy presented by adversary parties, and in which

a binding judgment concluding the controversy may be entered.

*Foley*, 306 S.W.3d at 31.

At the time of the filing of Appellant's motion, Appellant was not yet eligible for MRS review or parole. As such, there was no "present actual controversy" per *Foley*, and the circuit court properly so found. Further, the DOC and the Board were not subject to the jurisdiction of the Fayette Circuit Court as they were not parties to the underlying criminal action. As noted by the Fayette Circuit Court, Appellant styled his motion as if it were a civil matter calling it a "Motion for Declaration of Rights and Injunctive Relief," and he included the DOC and the Board in the caption as real parties in interest. The DOC and the Board, however, were not parties to the underlying criminal proceeding, and there is no provision in the civil or criminal rules for bringing third parties under the jurisdiction of the circuit court merely by adding their names to the caption of a motion.

## CONCLUSION

Appellant's motion failed to raise a present, actual controversy for adjudication, and the purported real parties in interest – the DOC and the Board – were not subject to the jurisdiction of the circuit court. The Fayette Circuit Court properly so found. Accordingly, we affirm the order of the Fayette Circuit Court denying Appellant's motion for a declaration of rights and injunctive relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey E. Jackson, Jr., *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky