RENDERED:  APRIL 4, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1129-MR

RUSSELL AMBOREE                                          APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN L. WILSON, JUDGE
ACTION NOS. 17-CR-00055 AND 17-CR-00056

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Appellant, Russell T. Amboree, appeals from the Henderson

Circuit Court's August 1, 2023 order denying his motion to quash the circuit

court's revocation of his parole.  Because Amboree declined to appeal from his

parole revocation directly when afforded the opportunity and has otherwise

exhausted his post-conviction remedies, we detect no reversible error in the circuit

court's ruling and affirm.

Amboree was indicted in 2017 for two counts of trafficking in a controlled substance, first degree, and two counts of being a persistent felony offender, first degree. Amboree pleaded guilty to amended charges on December 6, 2018. As part of his plea agreement, Amboree agreed to two consecutive, ten-year sentences. Amboree received shock probation on May 1, 2019, which was revoked on March 23, 2022. He did not appeal the revocation of his probation.

On April 8, 2022, Amboree filed a CR[1] 60.02 motion challenging the revocation of his probation. The circuit court denied the motion and Amboree did not appeal. In May of 2022, Amboree filed a RCr[2] 11.42 motion contesting the revocation of his probation. The circuit court also denied this motion and, again, Amboree did not appeal. He filed his third motion – another RCr 11.42 motion – in July of 2022. Again, the circuit court denied the motion and, again, Amboree did not appeal.

On May 19, 2023, Amboree filed his "Motion to Quash the Order Revoking Probation of sentence" wherein he argued his sentences were erroneous and that his probation should not have been revoked. Amboree's motion was denied, and this Court dismissed his appeal therefrom due to a lack of a properly filed notice of appeal. Amboree filed a second, similar motion on August 17,

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Rules of Criminal Procedure.

2023, again challenging his parole revocation and sentences. The circuit court denied the second motion and Amboree now appeals.

On appeal, Amboree challenges the propriety of both his sentence and his probation revocation. Amboree has exhausted his options with respect to such challenges. "The rules related to direct appeals, RCr 11.42, and [CR] 60.02 collectively create a structure that 'provides for wide-ranging opportunities for a defendant to challenge in all respects the legality and fairness of his conviction and sentence.'" *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010) (quoting *Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010)). "At each stage in this structure the defendant is required to raise all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage." *Id.* (citing *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983)). Though both RCr 11.42 and CR 60.02 contemplate relief should relevant information be obtained that was not known and could not have been discovered through exercise of due diligence at the time of a trial court's ruling, none of the grounds Amboree raises in this appeal fall into that category.

Regardless, the procedural history of this case reveals Amboree is not entitled to relief on appeal. Amboree never appealed directly from the revocation

of his parole, which KRS[3] 22A.020(1)[4] authorizes. Neither did he appeal from the denial of his RCr 11.42 and CR 60.02 motions. Rather, Amboree appeals from an order denying his "motion to quash" the order revoking his probation. Such motion is not a mechanism for relief that our post-judgment structure provides. Amboree did not avail himself of the opportunity to appeal when he could have, and, therefore, he is not entitled to relief from this Court. Further collateral attacks to Amboree's sentence and probation revocation based on information which was readily available at the time of his sentencing and subsequent revocation of his probation are foreclosed.

Accordingly, the Henderson Circuit Court's August 1, 2023 order denying Amboree's motion to quash the revocation of his probation does not constitute reversible error. We affirm.

ALL CONCUR.

---

[3] Kentucky Revised Statutes.

[4] "Except as provided in Section 110 of the Constitution, an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case in Circuit Court, including a family court division of Circuit Court, unless such conviction, final judgment, order, or decree was rendered on an appeal from a court inferior to Circuit Court."

BRIEFS FOR APPELLANT:  BRIEF FOR APPELLEE:

Russell T. Amboree, *pro se*  Russell Coleman
West Liberty, Kentucky  Attorney General of Kentucky

        Ken W. Riggs
        Assistant Attorney General
        Frankfort, Kentucky