RENDERED:  JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1311-MR

KHALIL COLEMAN                                                               APPELLANT


v.

APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 23-CI-00759


KENTUCKY GENERAL ASSEMBLY                                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

ACREE, JUDGE:  Appellant Khalil Coleman appeals from the Franklin Circuit

Court's order dismissing his complaint against Appellee, the Kentucky General

Assembly.  Finding no error, we affirm.

## **BACKGROUND**

Khalil Coleman, a state inmate, filed a *pro se* lawsuit seeking a

declaration regarding certain sections of the Kentucky Revised Statutes.  He named

the General Assembly of Kentucky as the sole defendant. The General Assembly

moved to dismiss the action, arguing Coleman failed to state a claim, and

alternatively, if Coleman had stated a claim, the General Assembly is shielded by

legislative immunity under Section 43 of the Kentucky Constitution.

The Franklin Circuit Court granted the General Assembly's motion to

dismiss for failure to state a claim and declined to assess the immunity defense.

Coleman now appeals.

## ANALYSIS

We review *de novo* a motion to dismiss for failure to state a claim

upon which relief may be granted. *Davenport Extreme Pools and Spas, Inc. v.*

*Mulflur*, 698 S.W.3d 140, 150 (Ky. App. 2024).

Trial courts must construe pleadings "in a light most favorable to the

plaintiff." *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987) (citing *Ewell v.*

*Central City*, 340 S.W.2d 479 (Ky. 1960)). In response to a pleading, a party to an

action may present the defense of a failure to state a claim upon which relief can be

granted by a pre-answer motion. CR[1] 12.02(f).

The General Assembly presented that defense, arguing Coleman's

complaint "does not state any cognizable legal theory related to the General

Assembly and alleges no sufficient facts to support one. In fact, the Complaint

---

[1] Kentucky Rules of Civil Procedure.

does not even allege any action or inaction by the General Assembly as a body or by its individual members." (Record (R.) at 55.)

Coleman argues his "declaration of rights petition did in fact state several claims, which should have rendered right to relief." (Appellant's Brief at 4.) However, even on appeal, Coleman fails to state any claims against the General Assembly. As he did before the Franklin Circuit Court, he again argues that certain statutes are unconstitutional but does not aver in his brief before this Court sufficient facts that would allow the General Assembly to respond with a rational, cogent answer. He asserts no specific wrongdoing by the General Assembly. Rather, he requests that this Court "evoke legislative intent [and] redact statute [sic] of controversy affecting [his] rights." (Appellant's Br. at 6.) Although the General Assembly did not submit an Appellee's Brief, we take that non-response as an expression of its belief there is nothing warranting a response on appeal.

While we respect Coleman's activism, bringing an action against the General Assembly is not a means by which such change can be effectuated. Existence of an actual controversy is a fundamental component of an action. "The court will not decide speculative rights or duties which may or may not arise in the future, but only rights and duties about which there is a present actual controversy presented by adversary parties, and in which a binding judgment concluding the

controversy may be entered." *Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010) (quoting *Veith v. City of Louisville*, 355 S.W.2d 295, 297 (Ky. 1962)). "An actual controversy . . . does not involve a question which is merely hypothetical or an answer which is no more than an advisory opinion." *Barrett v. Reynolds*, 817 S.W.2d 439, 441 (Ky. 1991).

Coleman's request that the Court redact certain statutes is not an actual controversy. Neither is his request that the Court actually issue an advisory opinion, which we are prohibited from rendering. *Nordike v. Nordike*, 231 S.W.3d 733, 739 (Ky. 2007) (citations omitted) ("It is a fundamental tenet of Kentucky jurisprudence that courts cannot decide matters that have not yet ripened into concrete disputes. Courts are not permitted to render advisory opinions.").

Accordingly, the Franklin Circuit Court properly dismissed Coleman's complaint for failure to state a claim upon which relief can be granted. We AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Khalil Coleman, *pro se*
Eddyville, Kentucky